ranted if an officer fires repeatedly at a fleeing suspect. But that is not this case. It may not here be said that the officer — weakened and bloodied by repeated blows, his night stick useless — acted recklessly or improvidently when he resorted to the use of his gun, and, then, only after carefully firing a warning shot into the air.

In point of fact, as already indicated, the officer was faced with more than an attempt to overcome resistance and effect an arrest. He was actually fighting for his life. At any rate, though, whichever it was, I would say, as a matter of law, that he did no more than was necessary and, in the doing, used no more force than was required.

I would reverse the judgment and dismiss the complaint.

Judgment affirmed.

In the Matter of the Claim of JOHN GRIFFITHS, Respondent, against ROBERT H. SHAFFREY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued December 2, 1954; decided December 31, 1954.

*Paul F. Donohue* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Order affirmed, with costs; no opinion.

Concur: LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ.

INTERNATIONAL HARVESTER CREDIT CORPORATION et al., Appellants, *v.* ALLEN J. GOODRICH et al., Constituting the State Tax Commission of the State of New York, Respondents.

Argued November 19, 1954; decided December 31, 1954.