OPINION OF THE COURT
Howard E. Levitt, J.
This action arises out of an alleged medical malpractice resulting from the transfusion of mismatched blood into Anna E. Lafferty. The entire transfusion and Anna E. Lafferty’s reaction thereto were witnessed by her daughter-in-law, plaintiff Helen M. Lafferty. The amended complaint reveals four causes of action. The first two causes of action are on behalf of plaintiff Raymond R. Lafferty in which recovery for the personal injuries and wrongful death to the decedent is sought. The third and fourth causes of action are on behalf of the plaintiff Helen M. Lafferty, and seek to recover money damages for the alleged emotional anguish with resulting manifestations she sustained.
Defendant seeks an order pursuant to CPLR 3211 (subd [a], par 7) dismissing the third and fourth causes of action *100 contained in the amended complaint. Taken alone, the amended complaint does not provide sufficient grounds to dispose of the motion. However, on such a motion, "the court is [not] limited to a consideration of the pleading itself but may consider extrinsic matter submitted by the parties in disposing of the motion.” (Kelly v Bank of Buffalo, 32 AD2d 875.) Helen M. Lafferty’s examination before trial raises an important factual issue which was left unaddressed by the pleadings, i.e., whether Helen M. Lafferty was an observer of or participant in the occurrence. Viewing the pleadings and examination before trial in a light most favorable to the plaintiff, this court finds that Helen M. Lafferty may very well have been a participant in the occurrence. The significance of this determination is discussed in depth below. Accordingly, the third and fourth causes of action are recognized.
The courts in the State of New York are now long past difficulty in accepting psychic trauma as compensable even if such trauma be the sole result of a physical event or accident suffered by a plaintiff (Matter of Griffiths v Shaffrey, 308 NY 729; Battalla v State of New York, 10 NY2d 237, 240). The core problem in the instant case is, however, whether psychic trauma will be accepted as a basis for recovery in tort where the trauma to the plaintiff is caused by a physical event or accident which happens to another (cf. Tobin v Grossman, 24 NY2d 609).
Currently, New York recognizes "no cause of action * * * for unintended harm sustained by one, solely as a result of injuries inflicted directly upon another, regardless of the relationship and whether the one was an eyewitness to the incident which resulted in the direct injuries.” (Tobin v Grossman, supra, at p 611). In Tobin, the court held that a mother was not entitled to recover for emotional and physical injuries from shock resulting when her child was negligently struck by defendant’s automobile within hearing distance of the mother. The mother neither saw nor participated in the occurrence. Thus, according to the rule in Tobin, a mere witness to an occurrence or one particularly vulnerable to psychic injury may not recover for his or her psychic trauma.
However, where the plaintiff is directly involved in the traumatic experience as a participant and not as a mere onlooker, liability has been found to exist by our courts. For example, in Matter of Wolfe v Sibley, Lindsay & Curr Co. (36 NY2d 505), workers’ compensation benefits were awarded to a *101 secretary who discovered her supervisor in his office after his suicide. Distinguishing Tobin on two grounds, the court in Wolfe indicated that the tort concept of foreseeability was not relevant in a workers’ compensation case, and that the Wolfe claimant, having been told by the deceased to summon the police immediately before the incident, was not merely a bystander, but rather was an active participant in the events surrounding the occurrence.
Helen Lafferty, the plaintiff herein, was not only an observer of, but, to a much greater extent, a participant in the occurrence at the hospital. While Wolfe is a workers’ compensation case, the majority opinion indicates a willingness to expand a party’s rights to recover for psychic injury suffered as a result of witnessing injury to another where the witness is an active participant. This seems to be an extension of the doctrine enunciated in Yates v South Kirkby (2 KB 538 [1910]) where a worker went to the aid of his fellow worker to whom the accident occurred, and was permitted to recover after suffering only mental trauma from the occurrence. Deriving from this theory, plaintiff contends that a "danger invites rescue” theory applies to the case at bar. The Court of Appeals (Cardozo, J.) has held that the rescuer may recover in tort on a nexus of liability (Wagner v International Ry. Co., 232 NY 176, 180). While this theory is not without some merit, the simple and traditional standard of reasonable foreseeability applies to the present case and is sufficient to allow recovery.
Soon after Wolfe, in Johnson v State of New York (37 NY2d 378), the Court of Appeals unanimously allowed recovery by a daughter who had been negligently and erroneously advised by a hospital that her mother had died. No physical injuries were alleged and the court noted the general rule which allows no recovery for negligently caused psychological trauma which results in physchological harm alone. There are two recognized exceptions to this rule: where there is a negligent transmission of a telegram announcing death and for negligent mishandling of a corpse. Johnson carved out a third exception: to wit, because the daughter had been directly injured by the hospital’s negligence. She was the one to whom a duty was directly owed by the hospital and the one who was directly injured by the hospital’s breach of that duty.
Addressing the concerns of the court in Tobin regarding the difficulty of circumscribing the area of liability, the court in *102 Johnson unanimously recognized that the Cardozo zone of danger test was not limited to a circumscription of geographical boundaries within which physical injury may occur, but could be extended to encompass the infliction of psychic harm (Johnson v State of New York, supra, at pp 382-383). If the injured party’s presence is actually known, it follows that the only reasonable circumscription of the extent of the duty owed by the tort-feasor is that of a reasonably foreseeable zone of danger within which psychic trauma may be inflicted (see D’Ambra v United States, 114 RI 643, 656). It would not be an extension to include plaintiff Helen M. Lafferty, who witnessed and assisted in the events surrounding the negligent transfusion of her mother-in-law, in such a zone of psychic danger. A jury could find that the psychological danger which such involvement would have upon the plaintiff was reasonably foreseeable, and that as a result of this reasonably foreseeable danger, a duty arose on the part of the hospital owing directly to her. The injuries resulting from a breach of this duty are compensable.
Following the rationale of Johnson (i.e., duty owed directly to plaintiff because plaintiff was in the foreseeable zone of danger) the New York courts have had several opportunities to finely tune the rule enunciated in Tobin. In a most recent decision, the Bronx Supreme Court permitted a cause of action based solely upon emotional injuries flowing from an apprehension of fear proximately caused by a policeman who negligently discharged his revolver and killed the plaintiff’s mother. The plaintiff was within the zone of physical danger, but Justice Silbowitz noted the problem of discerning between psychological injuries sustained because of the personal threat to the plaintiff (for which recovery is permitted) and those which are sustained by virtue of witnessing the occurrence (for which recovery is precluded). He wrote that, "permitting recovery for all damages flowing from a wrong is not unpalatable where the consequences of the wrong are inseparable and at least partially recognized by law [and] [p]erhaps the time has come for our Appellate Courts to address this dichotomy directly.” (Duncan v City of New York, NYLJ, Jan 31, 1980, p 10, cols 2, 3-4; see, also, Shanahan v Orenstein, 52 AD2d 164.)
The principal objection to recovery expressed by the court in Tobin, was the fear of potential unlimited liability. In sister *103 States, where recovery to the bystander for psychic injury has been approved, the courts have addressed this concern. In Dillon v Legg (68 Cal 2d 728), a case presenting an identical issue to that in Tobin, the California Supreme Court applied a three-pronged test to find the existence of a duty owed by the negligent driver to the mother, to wit, physical proximity, actual observance of the accident, and a close personal relationship between the bystander and the victim. The Supreme Court of Hawaii supplemented this reasoning by adding the necessity that the plaintiff bystander’s presence be reasonably foreseeable by the tort-feasor (Leong v Takasaki, 55 Hawaii 398). Taken together, these decisions provide a traditional premise for defining the extent of the duty owed by a tort-feasor and satisfy to a great extent the fear of potentially unlimited liability expressed in Tobin. The California decision has not resulted in a plethora of false claims, a flood of litigation, or unlimited liability (Simons, Psychic Injury and the Bystander: The Transcontinental Dispute Between New York and California, 51 St. John’s L Rev 1, 33-34). The presence of the plaintiff in the present action was not only foreseeable, but it was also actually known to the hospital. Therefore, the right to recovery under the Dillon and Leong test is clear.
Reading the Wolfe and Johnson cases together and in light of the Dillon and Leong decisions in sister States it appears that the Court of Appeals may be ready to allow recovery to a bystander in a case such as the one at bar. In this action, again viewing the complaint in the light most favorable to the plaintiff, the "bystander” is an active participant in the occurrence, the risk of psychic injury is manifest, the zone of psychic danger (and thus the duty) is reasonably perceptible, the plaintiff’s presence is known, the relationship to the victim is a close one, and the psychic injury proximately results from the tort-feasor’s breach of duty. This court need not go so far as Dillon, in order to deny defendant’s motion to dismiss, because Helen Lafferty’s presence and active participation were actually known to the hospital. A jury could find that the hospital would reasonably expect that plaintiff would, upon witnessing the accident and assisting her mother-in-law, suffer emotional trauma.
Accordingly, defendants’ motion is denied.