OPINION OF THE COURT
 

 Per Curiam.
 

 The third and fourth causes of action of plaintiffs’ com
 
 *279
 
 plaint arise out of an alleged medical malpractice by the defendant Manhasset Medical Center Hospital in transfusing mismatched blood into Anna E. Lafferty who was a patient at the hospital. The plaintiff Helen M. Lafferty was the daughter-in-law of Anna and brings these causes of action in essence, to recover for the emotional distress and the aggravation of a pre-existing heart problem. She alleges that she suffered these conditions as a result of her having been a witness to the negligent blood transfusion and a participant in the events that occurred during the period immediately following the start of the transfusion.
 

 The Appellate Division dismissed the third and fourth causes of action on the ground that they failed to state a cause of action (CPLR, 3211, subd [a], par 7) and we affirm.
 

 The complaint relates an unfortunate incident but does not establish a cause of action cognizable at law. There is no allegation that the defendant hospital was negligent with respect to the plaintiff, as opposed to her monther-in-law. Neither does the plaintiffs’ complaint fit within the recognized limits of the rescuer doctrine
 
 (Wagner v International Ry. Co.,
 
 232 NY 176). We have never held that a rescurer can recover for psychic injury sustained only as the result of observing the person he or she intended to rescue suffer from the defendant’s negligence.
 

 In essence the case merely represents another effort to extend existing principles of law so as to expand the liability of the negligent actor to include third parties who suffer shock as a result of direct injury to others
 
 (Tobin v Grossman,
 
 24 NY2d 609;
 
 Howard v Lecher,
 
 42 NY2d 109;
 
 Becker v Schwartz,
 
 46 NY2d 401;
 
 Vaccaro v Squibb Corp.,
 
 52 NY2d 809). As we noted in the
 
 Tobin
 
 case, the major obstacle to recognizing this theory of recovery is that “there appears to be no rational way to limit the scope of liability”
 
 (Tobin v Grossman, supra,
 
 p 618). The need for a rationally circumscribed rule of law is not satisfied by the limiting factors suggested in this case.
 

 The fact that the plaintiff in this case made some effort to save her mother-in-law with the acquiescence or even
 
 *280
 
 active encouragement of the defendant is, like the mother’s proximity to the accident in
 
 Tobin,
 
 “quite inconsequential for the shock more likely results from the relationship with the injured party”
 
 (Tobin v Grossman, swpra,
 
 p 618). Indeed under the theory proposed those who are most closely related to the injured party, and thus most likely to suffer an immobilizing shock, would as a result of that very inability to act be denied recovery while those with little or no prior emotional attachment would be entitled to recover simply because they still possessed the presence of mind to offer some assistance, spontaneously or in response to the defendant’s urgings, however ineffectual.
 

 Our recent decision in
 
 Johnson v State of New York
 
 (37 NY2d 378) holding the defendant liable for erroneously informing the plaintiff of her mother’s death, does not represent an abandonment of these concerns. That case did not involve an extension of the defendant’s liability for negligently injuring or causing the death of the plaintiff’s mother, who had not been injured by the defendant and was not in fact dead. Liability was based entirely on a duty the defendant had undertaken to inform the plaintiff of her mother’s status. That duty was owed directly to the plaintiff and was breached when the defendant erroneously informed the plaintiff that her mother had died. Although it was also noted in that case that injury to the plaintiff was foreseeable, that alone is not sufficient to establish liability when, as here, there is no showing of any duty owed to the plaintiff (see, e.g.,
 
 Tobin v Grossman, supra,
 
 p 615; cf.
 
 Pulka v Edelman,
 
 40 NY2d 781, 785).
 

 Nor does our decision in
 
 Matter of Wolfe v Sibley, Lindsay & Curr Co.
 
 (36 NY2d 505) mandate a contrary result. In that case recovery was allowed solely on the policy considerations underlying the Workmen’s Compensation Law
 
 (Johnson v State of New York,
 
 37 NY2d 378, 383,
 
 supra).
 
 Liability was predicated on the legal relationship between the parties arising out of the fact of employment not that arising out of any alleged tortious conduct.
 

 In sum, any extension of the defendant’s liability for negligence to include emotional harm to third parties is not reasonably circumscribed by limiting recovery to would-be
 

 
 *281
 
 rescuers or even rescuers recruited by the defendant, as opposed to volunteers. Whether applied to street accidents or negligence in the hospital, a rule of law which would permit recovery for emotional harm to the helpful bystander but withhold it from the victim’s closest relatives who may be helpless because remote from the scene or, ironically, stunned by its impact, offers neither a rational nor a practical limitation on liability to third parties for unintended fault.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.