■ MICHAEL C. RAINNIE, as Administrator of the Estate of JOSHUA GRAYDON RAINNIE, Deceased, et al., Appellants, v COMMUNITY MEMORIAL HOSPITAL, Respondent. — Appeal from that part of a judgment of the Supreme Court, entered March 13, 1980 in Madison County, upon a decision of the court at Trial Term (Zeller, J.), without a jury, which dismissed plaintiffs' individual causes of action based upon defendant's grossly negligent infliction of emotional harm and for punitive damages. Plaintiffs' infant died as a result of the admitted gross negligence of defendant. The parties have stipulated to the facts. The amended complaint contained six causes of action. The first two alleged that defendant's gross negligence caused the wrongful death and pain and suffering of the infant. Specifically, plaintiffs contended that the hospital was grossly negligent in refusing to admit the infant who was suffering from acute early meningococcal meningitis and in failing to summon a physician. The remaining four causes of action alleged that defendant's gross negligence caused plaintiffs emotional injury and requested punitive damages. Defendant admits that plaintiffs suffered "immediate and continuing genuine emotional and psychic harm with resulting physical manifestations". After a trial before the court without a jury, a verdict was directed in favor of plaintiff Michael Rainnie, as administrator, on the first two causes of action, in an amount previously agreed upon by the parties. The court dismissed the remaining counts on the merits. This appeal by plaintiffs ensued. There must be an affirmance. Concerning the denial of the causes of action for emotional injuries admittedly sustained by plaintiffs, the record clearly demonstrates that they were the result of the death of the infant who sustained the direct injury and that plaintiffs' injuries were indirectly sustained. It is well established that to recover for emotional harm the plaintiff must be owed a duty and be the person directly injured by the breach of that duty. Such is not the situation here. Consequently, the causes of action for grossly negligent infliction of emotional injury were properly dismissed (see *Howard v Lecher,* 42 NY2d 109; *Aquilio v Nelson,* 78 AD2d 195). Since these causes of action were properly dismissed, the causes of action for punitive damages must also fail. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.