■ DAVID J. KENNEDY, Respondent, v McKESSON COMPANY et al., Appellants, et al., Defendant. — Order reversed, without costs, motions granted and complaint dismissed. Memorandum: The complaint alleges that plaintiff dentist administered a fatal dose of nitrous oxide to his patient while performing minor surgery. The accident was caused by the mislabeling of the oxygen and nitrous oxide connectors to plaintiff's anesthesia machine, when either the machine was repaired by defendant McKesson Co., or reinstalled by defendants Norton Starr, Inc. and Hradil. The plaintiff claims damages for his mental distress, loss of earnings and loss of reputation as a consequence of the death of the patient caused by the defendants' negligence in servicing his equipment. The defendants McKesson Company and Norton Starr, Inc. moved to dismiss the complaint on the ground that it fails to state a cause of action and the motion was denied. We reverse. A cause of action may be stated for emotional harm resulting directly from the negligence of another. (See *Johnson v State of New York,* 37 NY2d 378, where the defendant hospital negligently sent a false message to plaintiff announcing her mother's death; *Battalla v State of New York,* 10 NY2d 237, where the infant plaintiff suffered emotional trauma as the result of defendant's failure to secure the restraining belt on a chair lift occupied by plaintiff.) On the other hand, no cause of action is stated when the emotional harm results indirectly through the reaction of the plaintiff to injury negligently caused to another. (See *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277, where plaintiff suffered emotional distress when she witnessed a negligently performed blood transfusion; *Vaccaro v Squibb Corp.,* 52 NY2d 809, revg 71 AD2d 270, where drugs administered to the mother during her pregnancy caused serious birth defects to her child resulting in emotional injury to the mother and father; *Becker v Schwartz,* 46 NY2d 401, and *Howard v Lecher,* 42 NY2d 109, where the plaintiffs suffered emotional distress because of birth defects to their children caused by negligent medical treatment given to the mothers; *Tobin v Grossman,* 24 NY2d 609, where the mother sustained shock and emotional trauma when she heard the defendant's automobile strike her child; *Aquilio v Nelson,* 78 AD2d 195, where the mother's emotional injuries were caused by the death of her newly born child as the result of the doctor's malpractice in treating the mother during pregnancy.) Here the plaintiff's emotional injuries did not result directly from the defendant's negligence, but resulted indirectly through the plaintiff's reaction to his patient's death. In *Vaccaro v Squibb Corp. (supra),* the defendant owed a duty to the mother, and by ingesting the drugs the mother participated in the events that caused severe birth defects to her child, yet she was denied recovery. "In order to recover for emotional harm, plaintiff must show, in addition to a breach of duty owed to [him], that [he] was the person directly injured by that breach." (*Aquilio v Nelson, supra,* pp 198-199; see *Rainnie v Community Mem. Hosp.,* 87 AD2d 707.) As recently stated by the Court of Appeals, "There can be no doubt that the [plaintiff has] suffered and the temptation is great to offer [him] some form of relief. Ideally, there should be remedy for every wrong. This is not the function of the law, however, for '[e]very injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree'." (*Howard v Lecher,* 42 NY2d 109, 113, *supra.*) All concur, except Callahan and Denman, JJ., who dissent and vote to affirm in the following memorandum.

Callahan and Denman, JJ. (dissenting). We vote to affirm Special Term. This case does not represent "another effort to extend existing principles of law

so as to expand the liability of the negligent actor to include third parties who suffer shock as a result of direct injury to others" (*Lafferty v Manhasset Med. Center Hosp.*, 54 NY2d 277, 279; *Vaccaro v Squibb Corp.*, 52 NY2d 809; *Becker v Schwartz*, 46 NY2d 401; *Howard v Lecher*, 42 NY2d 109; *Tobin v Grossman*, 24 NY2d 609). On the contrary, plaintiff's claim for damages stems solely and directly from the breach of a duty owed to him by one or more of these defendants. Under well-established principles of tort law, plaintiff may recover. While the majority acknowledge that a cause of action may be stated for emotional harm resulting directly from the negligence of another as long as the injury was genuine, substantial and proximately caused by the defendant's conduct (*Johnson v State of New York*, 37 NY2d 378, 383-384; *Battalla v State of New York*, 10 NY2d 237), they fail to recognize how perfectly this case fits within that rule. Here, as in *Johnson*, the injury was inflicted directly upon the individual claiming the harm and the same individual to whom the duty was owed was the one directly injured by its breach. The fatal injury to plaintiff's patient was the indirect and unintended spinoff of a breach of a duty owed directly to plaintiff by one or more of these defendants. Logic, as well as justice, compels affirmance as all proven harmful consequences proximately caused by the tortious act should be compensable. In our view, the cases relied upon by the majority are inapposite and plaintiff should be permitted to pursue recovery on his causes of action. (Appeals from order of Supreme Court, Onondaga County, Roy, J. — dismiss complaint.) Present — Simons, J. P., Callahan, Denman, Boomer and Moule, JJ.