### HARRIS v CITIZENS INSURANCE COMPANY

Docket No. 62191. Submitted March 1, 1983, at Detroit.—Decided June 24, 1983.

Plaintiff, Ralph Harris, brought an action against defendant, Citizens Insurance Company, alleging that defendant unreasonably refused to pay or delayed in paying certain no-fault personal injury protection benefits. Plaintiff was allowed to file an amended complaint adding a Count II, alleging intentional infliction of emotional distress. Defendant's motion for partial summary judgment on Count II was denied, St. Clair Circuit Court, James T. Corden, J., and defendant appealed by leave granted. *Held:*

1. No damages are recoverable for mental and emotional distress from the breach of a no-fault insurance contract. However, a claim of intentional infliction of emotional distress may be recognized as a cause of action separate from another cause of action such as the contract action involved in this case. Plaintiff claimed on appeal that his Count II is such a separate cause of action.

2. The complained-of conduct of defendant's agent did not, as a matter of law, rise to the level of extreme and outrageous conduct necessary to sustain a claim of intentional infliction of emotional distress. Thus, summary judgment on Count II should have been granted.

Reversed.

1. DAMAGES — CONTRACTS — BREACH OF CONTRACT — EMOTIONAL DISTRESS.

Damages recoverable for a breach of contract are those arising naturally from the breach or those which were within the contemplation of the parties at the time of contracting; normally, damages for emotional distress are not recoverable in a breach of contract action.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages §§ 56 *et seq.,* 195 *et seq.*

[2, 3] 38 Am Jur 2d, Fright, Shock, and Mental Disturbance § 4 *et seq.*
Right to recover for emotional disturbance or its physical consequences, in the absence of impact or other actionable wrong. 64 ALR2d 100.

2. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
   Intentional infliction of emotional distress may be a separate
   cause of action which is not necessarily parasitic to another
   cause of action as an aggravating element of damages.

3. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.
   A finding of intentional infliction of emotional distress requires
   conduct by the defendant which may be characterized as so
   outrageous in character, and so extreme in degree, as to go
   beyond all possible bounds of decency and to be regarded as
   atrocious and utterly intolerable in a civilized community.

*Gerald E. Mugan,* for plaintiff.

*Halsey, Halsey & Pommerening* (by *Lee E. Halsey),* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. On February 24, 1981, Ralph Harris filed a complaint in circuit court against Citizens Insurance Co., alleging that defendant unreasonably refused to pay or unreasonably delayed in making payment of personal injury protection benefits in violation of the no-fault insurance laws. Plaintiff claimed that defendant outrageously refused payment of full benefits to which plaintiff was entitled, "with wilful and wanton disregard to the plaintiff's health, welfare, safety and comfort, thereby subjecting plaintiff to pain, humiliation, insult, outrage, mental anxiety, embarrassment and mortification". Harris then moved to file an amended complaint adding a second count averring the intentional infliction of emotional distress, and the trial court granted the motion notwithstanding defendant's opposition.

Defendant subsequently moved for partial summary judgment as to Count II, the allegation of intentional infliction of emotional distress, pursuant to GCR 1963, 117.2(1). The trial court denied

the motion. Defendant applied for and was granted leave to appeal from that interlocutory order.

On appeal, defendant asserts that, even assuming the factual allegations in plaintiff's amended complaint are accurate, plaintiff has failed to state a claim, other than merely for breach of contract, upon which relief can be granted. Defendant argues that the trial court erred when denying the motion for partial summary judgment because the plaintiff did not plead a separate cause of action, although designating it as such, and that the crux of plaintiff's claim is directly related to the breach of contract. Therefore, defendant argues, plaintiff's recovery is limited to benefits provided for by the no-fault insurance act and plaintiff's claim for mental anguish or emotional distress damages is barred.

The general rule in breach of contract actions is that damages recoverable for a breach of contract are those arising naturally from the breach or those which were within the parties' contemplation at the time of contracting. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). In *Kewin,* the Michigan Supreme Court held that damages for mental (emotional) distress are not normally recoverable in breach of contract actions.

Plaintiff claims on appeal that he is not seeking damages for mental or emotional distress resulting from breach of the no-fault insurance contract. See *Jerome v Michigan Mutual Auto Ins Co,* 100 Mich App 685; 300 NW2d 371 (1980), and *Schaible v Michigan Mutual Ins Co,* 116 Mich App 116; 321 NW2d 860 (1982), holding that no damages are recoverable for mental and emotional distress for breach of a no-fault insurance contract. He argues however, that he has stated in his complaint a

separate cause of action in tort, intentional inflic-
tion of emotional distress, for which damages for
mental distress are recoverable.

In *Partrich v Muscat,* 84 Mich App 724, 729-730;
270 NW2d 506 (1978), this Court summarized the
test employed in reviewing application of GCR
1963, 117.2(1):

"The standard governing this Court's review of a
grant or denial of a motion for summary judgment
based on GCR 1963, 117.2(1) is well settled. The motion
is to be tested by the pleadings alone. *Todd v Biglow,* 51
Mich App 346; 214 NW2d 733 (1974), *lv den,* 391 Mich
816 (1974). The motion tests the legal basis of the
complaint, not whether it can be factually supported.
*Borman's Inc v Lake State Development Co,* 60 Mich
App 175; 230 NW2d 363 (1975). The factual allegations
of the complaint are taken as true, along with any
inferences or conclusions which may fairly be drawn
from the facts alleged. Unless the claim is so clearly
unenforceable as a matter of law that no factual devel-
opment can possibly justify a right to recover, the
motion under this subrule should be denied. *Crowther v
Ross Chemical & Manufacturing Co,* 42 Mich App 426;
202 NW2d 577 (1972)."

The Court of Appeals has recognized intentional
infliction of emotional distress as a separate cause
of action which is not necessarily parasitic to
another cause of action as an aggravating element
of damages. *Holmes v Allstate Ins Co,* 119 Mich
App 710, 714; 326 NW2d 616 (1982). This Court
has adopted the Restatement definition of this tort:

"(1) One who by extreme and outrageous conduct
intentionally or recklessly causes severe emotional dis-
tress to another is subject to liability for such emotional
distress, and if bodily harm to the other results from it,
for such bodily harm. * * *" Restatement Torts, 2d,
§ 46, pp 71-72.

See *Holmes, supra,* p 714, and cases cited therein.

" 'It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

" 'The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' " *Holmes, supra,* pp 714-715, quoting Restatement Torts, 2d, § 46, Comment d, p 73.

Cognizant of these guidelines, we turn now to the plaintiff's complaint to determine whether the behavior alleged amounts to such "extreme and outrageous conduct" as would constitute a cause of action for intentional infliction of emotional distress.

In Count II of the amended complaint, it is alleged that defendant intentionally inflicted emotional distress upon plaintiff through the following acts by its agent and senior claims examiner, Richard E. Brewer:

"(a) Said Brewer requested Sid Stone, defendant's claims representative to call their insured plaintiff * * * 'and casually inquiring as to whether or not he is doing some additional work. After he has committed himself to this, you might indicate to him the rumor that he was working for his son-in-law last summer and has been otherwise employed. Naturally we must be

very delicate in this area as we do not wish to call him a liar, but it might start him to thinking and volunteering information. You might even flip on your recorder and record it * * *. Please note your recently submitted 10-40 for 1976, it is a joint filing indicating his wife's as well as his own income which renders the report relatively useless. *You might even use this as a guise for calling the insured * * *.*' [Emphasis added.]

"(b) Said Brewer also told Sid Stone * * * 'It seems to me that we're going to be stuck with assd. For quite some time * * *.'

"(c) Brewer attempted to discontinue rehabilitation of the injured plaintiff stating that rehab has a pretty loud mouth in Lansing and could cause problems unless it is handled delicately and further states that he was glad that his tests didn't show a preference for insurance."

We conclude that the complained-of conduct by defendant's employee does not, as a matter of law, rise to the level of "extreme and outrageous" conduct. The suggestions allegedly made by the claims examiner, while unprofessional, insulting and reflective of a cynical and insensitive attitude, cannot be characterized as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Contrast *Ledsinger v Burmeister,* 114 Mich App 12; 318 NW2d 558 (1982). (Complaint alleging racial slurs by merchant in course of discriminatory act of ejecting plaintiff from a public place of business held to have stated a cause of action for intentional infliction of emotional distress.)

Accordingly, we conclude that the trial court erred in denying defendant's motion for summary judgment as to Count II of plaintiff's complaint.

Reversed.