■ FREDERICK BIRKETT, Individually and as Administrator of the Estate of RICHARD C. BIRKETT, Deceased, et al., Appellants, v RICHARD F. KASULKE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered December 8, 1982 in Essex County, which, *inter alia*, granted a motion by defendants Richard F. Kasulke and James F. Stover to dismiss plaintiffs' third cause of action. We affirm. On February 22, 1982, plaintiffs' intestate, Richard Birkett, a 12-year-old boy, was brought by his parents to the emergency room of defendant General Hospital of Saranac Lake, where he apparently was attended by defendants Richard F. Kasulke and James F. Stover. It is alleged that Richard was diagnosed as having probable viral gastroenteritis and that his parents were advised to take him home and administer suppositories. The following morning he died in his home of acute appendicitis and generalized bacterial peritonitis. Thereafter, the father, as administrator of his son's estate, and the parents individually, brought suit to recover for their son's conscious pain and suffering and claimed wrongful death. The third cause of action in the complaint seeks damages for the "shock, mental anguish and suffering, psychological distress and irreparable sadness and loss" endured by the parents individually. In New York, no cause of action lies for unintended emotional harm sustained solely as a result of witnessing direct injury to another (*Kennedy v McKesson Co.,* 58 NY2d 500; *Tobin v Grossman,* 24 NY2d 609). Recovery for mental and emotional hurt is tolerated only when the plaintiff is found to have been within the "zone of danger" of injury or when there is a duty of care running from defendant to plaintiff (*Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277, 280; *Shanahan v Orenstein,* 52 AD2d 164, 167, app dsmd 40 NY2d 985). These plaintiffs were not within the zone of danger. They were not personally subjected to an increased risk of harm and defendants owed them no duty. Nor did any duty arise by virtue of plaintiffs' efforts to aid and comfort Richard. Their shock and emotional distress more than likely results from the relationship with their son rather than from the measures they took to preserve him (*Lafferty v Manhasset Med. Center Hosp., supra*). Order affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.