PATE v CHILDREN'S HOSPITAL OF MICHIGAN

Docket No. 83235. Submitted February 11, 1986, at Detroit. Decided
October 16, 1986. Leave to appeal denied, 428 Mich 870.

Beverly Kay Pate entered Children's Hospital of Michigan on
February 11, 1983, and was discharged the following day with a
diagnosis of gastroenteritis. Beverly's sister, Miranda Gale
Pate, brought Beverly back to the hospital on February 14,
1983. Beverly allegedly died in her sister's arms while awaiting
treatment in the emergency room. The cause of death was
listed as cardiopulmonary arrest from undiagnosed pneumonia.
Betty Jo Pate, as personal representative of the estate of
Beverly Kay Pate, deceased, and Miranda Gale Pate brought a
medical malpractice action against Children's Hospital of Mich-
igan and Emergency Pediatric Services, P.C., in Wayne Circuit
Court alleging, inter alia, tortious infliction of emotional dis-
tress, claiming that Miranda Gale Pate suffered severe emo-
tional distress which resulted in physical injuries such as
depression, loss of sleep, listlessness, and withdrawal from
normal forms of socialization when her sister died in her arms
as a result of defendants' negligence. Defendants moved for
partial summary judgment on the tortious infliction of emo-
tional distress claim. The court, Thomas J. Brennan, J., granted
defendants' motion on the ground that plaintiff Miranda Gale
Pate failed to state a cause of action for tortious infliction of
emotional distress. Plaintiffs appealed.

The Court of Appeals *held:*

The elements of tortious infliction of emotional distress re-
quire an intentional or reckless act or an inherently shocking
or sudden act or event in order to state a viable cause of action.
It was not tortious acts, but instead allegedly tortious omissions
which resulted in Beverly Kay Pate's death. Those omissions
were neither inherently shocking and sudden nor were they

REFERENCES

Am Jur 2d, Torts §§ 17 *et seq.*

Modern status of intentional infliction of mental distress as inde-
pendent tort; "outrage". 38 ALR4th 998.

Recovery for mental or emotional distress resulting from injury to,
or death of, member of plaintiff's family arising from physician's
or hospital's wrongful conduct. 77 ALR3d 447.

fairly contemporaneous with the emotional trauma suffered by Miranda Gale Pate. Plaintiffs' claim finds no support in the law.

Affirmed.

TORTS — TORTIOUS INFLICTION OF EMOTIONAL DISTRESS.

The elements of tortious infliction of emotional distress require an intentional or reckless act or an inherently shocking or sudden act or event which causes injury or death and contemporaneously, by its very nature, results in emotional and physical injury to another in order to state a viable cause of action.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiffs.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Salwa G. Spong*), for defendants.

Before: MACKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

PER CURIAM. Plaintiffs Betty Jo Pate, personal representative of the estate of Beverly Kay Pate, and Miranda Gale Pate, sister of the decedent, appeal as of right from an order granting the defendants' motion for partial summary judgment with respect to the claim of Miranda Gale Pate (hereinafter plaintiff) in her individual capacity. The substance of the dismissed claim and the sole issue on appeal is whether plaintiff stated a cause of action for tortious infliction of emotional distress pursuant to GCR 1963, 117.2(1) in her allegation that she suffered emotional distress which resulted in physical injury when her fourteen-year-old sister, Beverly Kay Pate, died in her arms allegedly as a result of the defendants' malpractice.

The original complaint in this medical malpractice action was filed by the decedent's mother,

* Retired circuit judge, sitting on the Court of Appeals by assignment.

Betty Jo Pate, and alleged that the decedent died as a result of cardiopulmonary arrest from undiagnosed pneumonia in the emergency room at defendant hospital. A first amended complaint alleged that the decedent entered the hospital on February 11, 1983, and was discharged the following day with a diagnosis of gastroenteritis. A second amended complaint, which added defendant emergency room and added a fourth count incorporating the independent cause of action for plaintiff, alleged that plaintiff brought the decedent to the emergency room on February 14, 1983, and that the decedent suffered cardiopulmonary arrest in plaintiff's arms while awaiting treatment. It further alleged that plaintiff suffered severe emotional distress which resulted in physical injuries such as depression, loss of sleep, listlessness, and withdrawal from normal forms of socialization as a result of the defendant's negligence.

Defendants' motion for summary judgment as to plaintiff's claim was originally granted by order dated December 27, 1984, holding that plaintiff had failed to state a legally cognizable cause of action under Michigan law. That order was set aside upon entry of the January 29, 1985, final order which provides the subject matter of this appeal.

Review of a grant or denial of summary judgment based upon GCR 1963, 117.2(1), now MCR 2.116[C][8], is predicated upon the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. Where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, this Court will not disturb the lower court's dismissal. *Harris v Citizens Ins Co,* 141 Mich App 110, 113; 366 NW2d 11 (1983); *Rodis v Herman Keifer Hospital,* 142 Mich

App 425, 427-428; 370 NW2d 18 (1985). Plaintiff urges that the trial court erred in finding that she had pled no viable cause of action for bystander recovery in this case. We disagree.

In *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), this Court, quoting from Prosser, Torts (4th ed), § 54, pp 334-335, adopted the following limitations for bystander recovery:

> "*Some limitations might, however, be suggested.* It is clear that the injury threatened or inflicted upon the third person must be a serious one, of a nature to cause severe mental disturbance to the plaintiff, and that the shock must result in actual physical harm. The action might, at least initially, well be confined to members of the immediate family of the one endangered, or perhaps to husband, wife, parent, or child, to the exclusion of mere bystanders, and remote relatives. As an additional safeguard, it might be required that the plaintiff be present at the time of the accident or peril, or at least that the shock be fairly contemporaneous with it, rather than follow when the plaintiff is informed of the whole matter at a later date." (Footnotes omitted. Emphasis supplied.) [67 Mich App at 368-369.]

We find it unnecessary to decide the instant case on the basis of plaintiff's relationship to the decedent. The more sound basis for a decision in this case is the "fairly contemporaneous" requirement that was set forth in *Gustafson. Gustafson* clearly contemplates a sudden, brief, and inherently shocking accidental event which causes the injury or death, which contemporaneously, and by its very nature, results in emotional and physical injury to the plaintiff. See also *Toms v McConnell,* 45 Mich App 647; 207 NW2d 140 (1973), and *Henley v Dep't of State Highways & Transporta-*

*tion,* 128 Mich App 214; 340 NW2d 72 (1983), lv den 418 Mich 965 (1984).

In this case, plaintiff has alleged that her sister's death was caused by defendants' negligent omissions two days earlier when the defendants failed to admit decedent for care and observation relative to a respiratory ailment, failed to obtain an adequate history, failed to diagnose that decedent was suffering from a pneumococcal pneumonitis, and failed to obtain an expert consultation relative to decedent's respiratory condition. What is missing from these allegations is the contemporaneous infliction of a tortious injury that could be described as an inherently shocking event. All that the plaintiff has alleged are negligent omissions in the form of nonobservable events that occurred two days prior to the decedent's death. As defendants point out, while presence at the side of a loved one at the time of her death is certainly a grievous event, without more it is simply not the sort of inherently shocking and sudden event to which the doctrine of bystander recover for emotional distress and resulting physical injury was intended to apply.

Plaintiff's citation to *Lafferty v Manhasset Medical Center Hospital,* 103 Misc 2d 98; 425 NYS2d 244 (1980), in support of her position is not well taken since that decision was reversed by a higher court. See *Lafferty v Manhasset Medical Center Hospital,* 79 App Div 2d 996; 435 NYS2d 307 (1981), aff'd 54 NY2d 277; 429 NE2d 789; 445 NYS2d 111 (1981). *Ochoa v Superior Court,* 39 Cal 3d 159; 703 P2d 1; 216 Cal Rptr 661 (1985), and *Wargelin v Sisters of Mercy Health Corp,* 149 Mich App 75; 385 NW2d 732 (1986), are distinguishable from the instant case in that in those cases the plaintiffs were aware of the fact that the decedent needed immediate medical attention and

observed the defendants' continued refusal to provide such care. Nor does *Mobaldi v Regents of Univ of California,* 55 Cal App 3d 573; 127 Cal Rptr 720 (1976), assist much in plaintiff's argument. *Mobaldi* involved infliction of severe injuries to a child in his foster mother's arms almost immediately after he was negligently injected with a glucose solution. The foster mother saw the injection of the solution and the boy's spasms, convulsion, and coma.

While the *Mobaldi* court stated that it was the observation of the consequences of the negligent act and not the observation of the tortious act itself which caused the trauma to plaintiff to be compensable, the fact remains that in this case it was not tortious acts, but instead allegedly tortious omissions which resulted in plaintiff's sister's death. These alleged omissions were neither inherently shocking and sudden nor were they "fairly contemporaneous" with the emotional trauma suffered by the plaintiff. The elements of the tort pleaded in this case clearly require an intentional or reckless act or an inherently shocking or sudden act or event in order to state a viable cause of action. See *Ledsinger v Burmeister,* 114 Mich App 12; 318 NW2d 558 (1982); *Warren v June's Mobile Home Village & Sales, Inc,* 66 Mich App 386; 239 NW2d 380 (1976). Plaintiff's claim finds no support in the law. Accordingly, we find no error in the lower court's grant of partial summary judgment with respect to plaintiff's individual claim for tortious infliction of emotional distress.

Affirmed.