**Lester T. CLEMENCE, Plaintiff,**

**v.**

**MEIJER, INC. and Local 951, United Food and Commercial Workers, Defendants.**

**No. G88–188 CA.**

United States District Court,
W.D. Michigan.

Oct. 21, 1988.

Lester T. Clemence, Grand Rapids, Mich., for plaintiff.

Jeffrey S. Rueble, Labor Counsel for Meijer, Inc., Grand Rapids, Mich., for Meijer, Inc.

Gallon, Kalniz & Iorio Co., L.P.A. by Jack Gallon and Fritz Neil, Toledo, Ohio, and Stewart Christian, Traverse City, Mich., for UFCW Local 951.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff Lester T. Clemence filed this tort action against defendants Meijer, Inc. and Local 951 in state court claiming intentional infliction of mental and emotional distress and a conspiracy to intentionally inflict mental and emotional distress. Defendants removed plaintiff's action to this Court alleging that the action was governed by Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiff objects to removal based on the ground that he has alleged a state cause of action which is not pre-empted. Since the Court finds that removal was improper, this action will be remanded to the Kent County Circuit Court for the State of Michigan for further proceedings.

Defendants argue that plaintiff's complaint in effect presents "artfully pled" claims for breach of the collective bargaining agreement and breach of the union's duty of fair representation that are "inextricably intertwined" with the terms of the collective bargaining agreement. Thus, defendants argue, plaintiff's claims are properly removable because they are pre-empted by Section 301 of the LMRA.

Defendants may remove this action only if it arises under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441(b). Generally the issues of federal law must appear on the face of the plaintiff's well-pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). However, the Supreme Court has created an exception in labor relations because of the strong policy of having uniformity in labor law. *See International Brotherhood of Electrical Workers v. Hechler,* 481 U.S.

851, 107 S.Ct. 2161, 2165, 95 L.Ed.2d 791 (1987). A tort claim "inextricably intertwined with consideration of the terms of the labor contract" is pre-empted under Section 301. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985). The claim is pre-empted if the differences, disputes, or complaints concern the interpretation of the collective bargaining agreement. *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410 (1988).

Notwithstanding the policies supporting pre-emption, "every state-law suit asserting a right that relates in some way to a provision in a collective bargaining agreement ... is [not necessarily] pre-empted by § 301." *Allis–Chalmers,* 471 U.S. at 220, 105 S.Ct. at 1916. Substantive employee rights can exist in labor relations without interpreting the collective bargaining agreement. *Lingle,* 108 S.Ct. at 1884. The Supreme Court recognized a narrow exception to federal labor law pre-emption in *Farmer v. United Brotherhood of Carpenters and Joiners of America,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). In *Farmer,* the plaintiff stated a claim for intentional infliction of emotional distress. Determining that the state-court action could be adjudicated without resolution of the merits of the underlying labor dispute, the Court held that the claim was not pre-empted. *Id.* at 304, 97 S.Ct. at 1065. The Court recognized the strong state interest in protecting its citizens from emotional distress caused by outrageous conduct. *Id.* Moreover, if the case had been presented to the National Labor Relations Board, the conduct allegedly causing plaintiff his severe emotional distress would not have been compensated. *Id.*

Applying *Farmer,* the Sixth Circuit has listed the factors the court must consider to determine if the state court can maintain jurisdiction over the state tort claim: "(1) whether the conduct complained of [is] protected by the Act so that a state action could interfere with or regulate conduct that was intended to be protected by Congress, (2) whether there [is] an overriding state interest in protecting [the state's] res-

idents, and (3) whether the state cause of action might interfere with the effective administration of national labor policy." *Falls Stamping and Welding Co. v. International Union,* 744 F.2d 521, 523 (6th Cir.1984). The Sixth Circuit noted that "as long as a state court can order a remedy without interfering with federal labor policy, the state court may act to protect important state interests." *Id.* at 523. However, the court also recognized the express limitation in *Farmer* that "it is essential that the state tort be either unrelated to [the unfair labor practice] or a function of the particularly abusive manner in which the [unfair labor practice] is accomplished. . . ." *Id.* at 524 (quoting *Farmer,* 430 U.S. at 305, 97 S.Ct. at 1066).

The Michigan Court of Appeals has recognized intentional infliction of emotional distress as a separate cause of action. *See Harris v. Citizens Insurance Co.,* 141 Mich.App. 110, 113, 366 N.W.2d 11 (1983). In order to recover on such a theory, plaintiff is required to prove that the defendants' conduct, which occurred independent of the collective bargaining agreement's terms and conditions, was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 115, 366 N.W.2d 11. Clemence has alleged that he was mentally and emotionally distressed by the conduct of his employer and his union. The factual questions which "pertain to the conduct of the employee and the conduct and motivation of an employer" do not necessarily require court interpretation of the collective bargaining agreement. *See Lingle,* 108 S.Ct. at 1882. Even if Clemence must use the same evidence under his state-law claim that he would use if he had brought the action under the collective bargaining agreement, "as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle,* 108 S.Ct. at 1883. Further, the fact that the defendants "might ultimately prove that [Clemence's] claims are pre-empted under the NLRA does not

establish that they are removable to federal court." *Caterpillar,* 107 S.Ct. at 2432.

Based on Clemence's factual allegations, the legal characterizations of the facts in the complaint, and in furtherance of the policy that the plaintiff is master of the complaint, *see Caterpillar,* 107 S.Ct. at 2433, this Court determines that this action fits within the *Farmer* exception to federal pre-emption. Since plaintiff pleads a state law cause of action and defendants' federal defense gives this Court no jurisdiction, this Court will remand the proceedings to the state court in which this action originated pursuant to Title 28 United States Code Section 1447(c).