■ EDWARD P. MCWILLIAMS et al., Individually and as Guardians of MARY J. MCWILLIAMS, a Mentally Retarded Person, Appellants-Respondents, v CATHOLIC DIOCESE OF ROCHESTER et al., Respondents-Appellants.—Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action on behalf of their mentally retarded daughter Mary Jean. The complaint alleges that Mary Jean was mistreated while residing in a community residence for the mentally retarded operated by defendant Catholic Diocese of Rochester and that she was improperly discharged from the residence. Plaintiffs seek both compensatory and punitive damages.

Defendants moved to dismiss the second through sixth causes of action and all of plaintiffs' demands for punitive damages, including that asserted under the first cause of action. Special Term dismissed the second through sixth causes of action but denied defendants' motion to dismiss the punitive damage claim asserted in the first cause of action. We affirm.

Plaintiffs concede on appeal that the second cause of action, alleging a derivative claim on their behalf, was properly dismissed.

The third, fourth and fifth causes of action, alleging violations of the Mental Hygiene Law, were also properly dismissed. The Mental Hygiene Law is a regulatory statute by which the Commissioner of the Office of Mental Retardation and Developmental Disabilities is empowered to plan and provide comprehensive services to the State's mentally retarded citizens. No private cause of action is authorized for violations of the Mental Hygiene Law. Although Mary Jean is

an intended beneficiary of the legislation, a private cause of action should not be implied because it would not be consistent with the legislative scheme *(see, CPL Intl. v McKesson Corp.,* 70 NY2d 268; *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314).

The sixth cause of action, asserting a claim under 42 USC § 1983, was also properly dismissed because the conduct of the private defendants is not fairly attributable to the State *(see, Lugar v Edmondson Oil Co.,* 457 US 922; *Dahlberg v Becker,* 748 F2d 85, *cert denied* 470 US 1084). Plaintiffs failed to show "that the allegedly wrongful action occurred as a result of the exercise of a state-created right or privilege, or by a state-imposed rule of conduct" *(Dahlberg v Becker, supra,* at 89). Moreover, since the care and treatment of those who are mentally retarded or developmentally disabled is not an exclusive State function, the conduct of these private defendants is not chargeable to the State *(see, Rendell-Baker v Kohn,* 457 US 830).

Finally, the allegations of plaintiffs' first cause of action adequately support a claim for punitive damages. It is alleged that Mary Jean was overmedicated, physically abused and segregated in an unheated basement. Accepting these allegations as true, they are sufficient to allege gross recklessness or intentional, wanton or malicious conduct *(see, Walker v Sheldon,* 10 NY2d 401). (Appeals from order of Supreme Court, Monroe County, Tillman, J.—dismiss causes of action.) Present —Dillon, P. J., Doerr, Boomer, Green and Balio, JJ.