■ J. RICHARD JOHNSON, Respondent, v BERNARD WAUGH et al., Defendants, and PAUL NOWER, Appellant. [672 NYS2d 148] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered July 31, 1996 in Madison County, upon a decision of the court in favor of plaintiff.

This appeal arises out of a motor vehicle accident which occurred when plaintiff struck a standardbred race horse while driving a dump truck in a westerly direction on Ottman Road in the Town of Vernon, Oneida County, in front of a farm where the horse had just been unloaded from a trailer. Defendant Bernard Waugh, the trainer of the horse, had removed the horse from the trailer and was leading it away when it unexpectedly "spooked" and ran into the road. The horse was killed when it collided with plaintiff's truck causing property damage.

Plaintiff subsequently commenced this negligence action against Waugh, defendant R. Thomas Suarez (the owner of the farm) and defendant Paul Nower (hereinafter defendant), all of whom were part owners of the horse.* In their answers, Waugh and defendant asserted counterclaims for damages attributable to the death of the horse. Following a nonjury trial, Supreme Court found in favor of plaintiff and held Waugh, Suarez and defendant jointly and severally liable for plaintiff's property damage and lost revenue. This appeal by defendant ensued.

On appeal, defendant contends that plaintiff failed to plead or prove the existence of a joint venture between him, his wife, Waugh and Suarez in the ownership of the horse and that, even if a joint venture was established, insufficient proof was adduced at trial to establish that Waugh was negligent in unloading the horse and thus impose liability upon him. These very issues were considered and decided by this Court in Suarez's recent appeal (244 AD2d 594, 596), in which we held that the evidence established that Waugh, Suarez, defendant and defendant's wife were engaged in a joint venture with respect to the horse notwithstanding the fact that all owners' names were not listed on the registration certificate. We further held that the proof presented by plaintiff did not support Supreme Court's conclusion that Waugh was negligent by not using the laneway when unloading the horse and, therefore, the judgment was improperly granted in plaintiff's favor (id., at 596).

The above findings are binding on the parties to this appeal inasmuch as they constitute the law of the case (see, Tamily v General Contr. Corp., 234 AD2d 774, 774-775; Matter of Steck v Jorling, 227 AD2d 849, 851; see generally, Siegel, NY Prac § 448, at 679-681 [2d ed]). Given our finding of the lack of negligence by Waugh (244 AD2d 594, 596-597, supra) and the

---

* Defendant's wife was also a part owner of the horse but was not named as a defendant in the action.

absence of any other proof in this record of negligence by defendant that contributed to plaintiff's damage (*see, Jones v Chalaire*, 85 Misc 2d 767), the judgment must be reversed and the complaint dismissed as against defendant. In view of our disposition, defendant's contention regarding the propriety of Supreme Court's award of damages is academic.

Mikoll, Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and complaint dismissed against defendant Paul Nower.