■ PAMELA G. R. YATES, Individually and as Voluntary Administrator of the Estate of SEAN K. REYNOLDS, Deceased, et al., Respondents, v GENESEE COUNTY HOSPICE FOUNDATION, INC., Doing Business as HOSPICE FAMILY CARE, et al., Appellants. [718 NYS2d 765] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of defendants' motion seeking dismissal of the claims brought pursuant to EPTL 11-3.2 (b) by plaintiff Pamela G. R. Yates (Yates) in her capacity as voluntary administrator of the Estate of Sean K. Reynolds (decedent) (*see,* SCPA 1306 [3]). The court also properly dismissed the claims with leave to refile pursuant to CPLR 205 (a) (*see, Carrick v Central Gen. Hosp.,*

51 NY2d 242, 252; *Mogavero v Stony Creek Dev. Corp.*, 53 AD2d 1021, 1021-1022). The court erred, however, in denying that part of defendants' motion seeking dismissal of the claims for emotional injuries alleged on behalf of Yates individually and the other plaintiffs (plaintiffs). Under the common law, defendants have no duty to protect plaintiffs from emotional injuries sustained as the result of witnessing the allegedly negligent care provided to decedent by defendants (*see, Lafferty v Manhasset Med. Ctr. Hosp.*, 54 NY2d 277, 279-280). The participation of plaintiffs in decedent's care does not give rise to such a duty (*see, Kennedy v McKesson Co.*, 58 NY2d 500, 506; *Lafferty v Manhasset Med. Ctr. Hosp., supra*, at 279-280). Further, no such actionable duty is fairly implied in the definition of hospice in Public Health Law § 4002 (1) or the legislative history of that statute (*see generally, Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207, 211; *McDonald v Cook*, 252 AD2d 302, 304, *lv denied* 93 NY2d 812; *McWilliams v Catholic Diocese of Rochester*, 145 AD2d 904, 904-905), nor is it fairly implied in the rights of hospice patients and their families enumerated in 10 NYCRR 794.1 (a). Recognition of a private cause of action in favor of plaintiffs based upon defendants' alleged violation of the statute and regulation would not be consistent with the legislative scheme (*see, Carrier v Salvation Army*, 88 NY2d 298, 303-304; *McWilliams v Catholic Diocese of Rochester, supra*, at 904-905).

We therefore modify the order by granting defendants' motion in its entirety and dismissing the amended complaint. (Appeal from Order of Supreme Court, Wyoming County, Rath, Jr., J.—EPTL.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.