■ PAMELA G.R. YATES, Personally and as Administrator of the Estate of SEAN K. REYNOLDS, Deceased, et al., Respondents, v GENESEE COUNTY HOSPICE FOUNDATION, INC., Doing Business as HOSPICE FAMILY CARE, et al., Appellants. [750 NYS2d 727] —Appeal from an order of Supreme Court, Genesee County (Notaro, J.), entered May 11, 2000, which, inter alia, denied defendants' motion to dismiss plaintiffs' claims for punitive damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: On appeal from an order granting only that

part of defendants' motion seeking dismissal of the third cause of action, defendants contend that Supreme Court should have granted their motion in its entirety and dismissed the complaint. We agree. The claims brought pursuant to EPTL 11-3.2 (b) by plaintiff Pamela G.R. Yates (Yates) in her capacity as administrator of the estate of Sean K. Reynolds (decedent) are time-barred. The six-month period for commencing a new action asserting those claims pursuant to CPLR 205 (a) began running upon the date on which the order dismissing those claims was entered (*see Dinerman v Sutton,* 45 Misc 2d 791, 792; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C205:4, at 317), and that six-month period expired prior to the commencement of the instant action. The claim for breach of contract against defendant Genesee County Hospice Foundation, Inc., doing business as Hospice Family Care, brought by Yates in her capacity as administrator of decedent's estate, is legally insufficient because it is not based upon an express promise to effect a cure or to accomplish some definite result (*see Esposito v Jenson,* 229 AD2d 951, 952; *Keselman v Kingsboro Med. Group,* 156 AD2d 334, 335-336, *lv dismissed* 76 NY2d 845). The claim for fraud brought by Yates in her capacity as administrator of decedent's estate is also legally insufficient because the alleged fraud did not occur separately from or subsequent to the alleged malpractice, nor did it give rise to damages separate and distinct from those flowing from the alleged malpractice (*see Coopersmith v Gold,* 172 AD2d 982, 984; *see also Spinosa v Weinstein,* 168 AD2d 32, 41-42).

The claims for emotional injuries asserted by Yates individually and by the other plaintiffs are barred by our decision in the appeal from the order in the prior action (*Yates v Genesee County Hospice Found.,* 278 AD2d 928, *lv denied* 96 NY2d 714; *see Johnson v Waugh,* 249 AD2d 733, 734). In that decision, we held that "defendants have no duty to protect plaintiffs from emotional injuries sustained as the result of witnessing the allegedly negligent care provided to decedent by defendants" (*Yates,* 278 AD2d at 929). There is no foundation for such a duty whether the claims asserted by Yates individually and by the other plaintiffs are for negligence (*see Casale v Unipunch, Inc.,* 177 AD2d 1029), negligent infliction of emotional distress (*see Rainnie v Community Mem. Hosp.,* 87 AD2d 707, *lv denied* 57 NY2d 607), breach of contract (*see Johnson v Jamaica Hosp.,* 62 NY2d 523, 528; *Oresky v Scharf,* 126 AD2d 614, 615-616, *appeal dismissed* 69 NY2d 868, *lv denied* 69 NY2d 610) or fraud (*see Aquilio v Nelson,* 78 AD2d 195, 195-196).

We therefore modify the order by granting defendants' mo-

tion in its entirety and dismissing the complaint. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.