JANET MOYNAHAN, an Infant, by Guardian, etc., Respondent, *v.* THOMAS E. WHEELER et al., Appellants.

Plaintiff was knocked down and injured in a street in the city of B. by a cow belonging to the defendant W. In an action to recover damages it appeared that the owner had contracted to sell and deliver the cow, and, in pursuance of the contract, employed F., a person long accustomed to that kind of business, to take her to the purchasers. F. was leading the cow, by a rope around her horns, when two dogs violently seized upon and frightened her; she kicked, knocked F. down, pulled away from him and ran and, while thus beyond his control, inflicted the injury complained of. *Held,* that, while it is not lawful for any cow to run at large in any street or public place in this state (Laws of 1872, chap. 776), the apparent violation of the law was explained; and, in the absence of any evidence of knowledge on the part of said defendants that the cow was unruly, or had previously done similar acts, they were not, under the circumstances, liable.

(Argued October 18, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 28, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*William Parken* for appellants. In order to recover for a personal injury inflicted by a tame animal, such as a cow, viciousness and knowledge of the viciousness on the part of

the defendant must be shown. (*Van Leuven* v. *Lyke*, 1 N. Y. 515; *Vrooman* v. *Lawyer*, 13 Johns. 339; *Auchmuty* v. *Ham*, 1 Denio, 478; *Keehan* v. *Gates*, 2 T. & C. 290.) As no cause of action founded on carelessness or negligence was established by the evidence, the complaint should have been dismissed as requested. (*Dickson* v. *McCoy*, 39 N. Y. 400; *Buck* v. *Moore*, 35 Hun, 338.) Assuming that there was any evidence to warrant the jury in finding that it was a part of the agreement entered into that the cow was to be delivered by the Wheelers, still the title passed to Mrs. Farrell the moment the minds of the parties met and the agreement was concluded without reference to whether there was an actual delivery or not. (*Terry* v. *Wheeler*, 25 N. Y. 520; Chitty on Cont. Neg. [8th Am. ed.] 332; *Oliphant* v. *Baker*, 5 Denio, 380, 382; *Hamilton* v. *R. R. Co.*, 53 N. Y. 25; *Standard Oil Co.* v. *Ins. Co.*, 79 id. 506; *Mandeville* v. *Marvin*, 30 Hun, 282.) The court erred in refusing the request to charge that the plaintiff was bound to show that the defendants Wheeler knew it was unsafe to let the cow be led through the streets in order to recover. (*Welling* v. *Judge*, 42 Barb. 193–212.)

*Charles J. Patterson* for respondent. No title passes upon an agreement to sell for cash on delivery until the cash is paid. The contract is executory till then. (*Dowes* v. *Kidder*, 84 N. Y. 121; *Russell* v. *Miner*, 22 Wend. 622; *Leven* v. *Smith*, 1 Denio, 571; *Fleeman* v. *McKean*, 25 Barb. 479; *Dows* v. *Dennison*, 28 id. 393; *Shindler* v. *Houston*, 1 N. Y. 261.) The jury having found that the cow was Wheeler's property at the time of the accident, as they might lawfully do under the foregoing point, it followed that, in leading the cow from their stables to Mrs. Farrell's, Finnan was acting for them. (*Gerlach* v. *Edelmyer*, 15 J. & S. 292.) Concerning the negligence of Finnan in allowing the cow to escape the evidence presented a question of fact. It was presumptive evidence of negligence that the cow was at large on the highway running away. (*Unger* v. *F. S. St. R. R. Co.*, 51 N. Y. 479; 2 R. S. [6th ed.] 177, 178; Laws of 1862, chap. 459; Laws of

1867, chap. 814; Laws of 1872, chap. 776.) Counsel cannot put the burden on the court of ruling on the nature and effect of the evidence of a particular witness; requests must state facts and cannot name witnesses in this connection. (*Chapman* v. *E. R. Co.*, 55 N. Y. 579.)

DANFORTH, J. It is not lawful for any cow to run at large in any street or public place in this state (Laws of 1872, chap. 776), and it was assumed by the parties that the original complaint stated a good cause of action by alleging that on the 1st of April, 1885, a cow, owned by the defendants, was carelessly permitted to run at large and unrestrained upon a public highway in the city of Brooklyn, and being so at large, knocked down and injured the plaintiff. But these circumstances were explained by evidence. It was made to appear that the defendants Wheeler had agreed to sell and deliver the cow to the other defendant Farrell, and in pursuance of their engagement one Matt Finnan, a person long accustomed to that kind of business, was employed to lead the cow to the purchaser. For that purpose he put a suitable rope around her horns, and with that in his hand started for Mrs. Farrell's. Before reaching Farrell's place, however, two dogs violently seized upon and frightened the cow. She kicked and knocked down Finnan, pulled away from him and ran off. While thus at large, and beyond his control, she inflicted the injury complained of. This answered the complaint. But the plaintiff was permitted to amend by adding that "the cow was, to the defendants' knowledge, unruly and vicious, and with this knowledge they negligently permitted her to be led and driven by their servant through the streets, where she was allowed to escape from control." The plaintiff, however, failed to establish that the cow had ever before done mischief similar to that complained of, or of any kind, or that she was by habit or nature of an ungovernable temper, or if from her present conduct that could be inferred, no evidence was given that the defendants had knowledge or notice that she was unruly or had done similar acts.

In the absence of that proof, the defendants cannot be held liable. (*Van Leuven* v. *Lyke*, 1 N. Y. 515.) In such an action for injury done to the person by domestic animals, the owner must be shown to have had notice of their viciousness before he can be charged, or that he failed to use in their management the reasonable care which a man of ordinary prudence might be expected to exercise under like circumstances. The plaintiff's case presented both alternatives, but in respect to each the proof failed.

It is not necessary to consider the other points made by the appellant; the one discussed sustains the appeal, and upon another trial the other questions may not arise.

The complaint should have been dismissed for failure of proof, and because it was not, the judgment in favor of the plaintiff is reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.