KATHLEEN CARPENTER, Plaintiff, *v.* FRED C. BIEDEKAPP, Defendant.

County Court, Delaware County, November 26, 1945.

*Sterling P. Harrington* for defendant.

*Arthur E. Conner* for plaintiff.

Curtis, J. The sufficiency of the complaint is challenged on the ground that it does not state sufficient facts to constitute a cause of action. The action is for damages by the owner of a motor vehicle arising from a collision with a horse which was astray on a public highway during the night. The complaint contains no allegation, either general or specific, of negligence on the part of the defendant, but merely alleges that the automobile of the plaintiff struck and collided with the horse of the defendant " which horse was astray on a certain public highway at about three-thirty o'clock A.M., which horse was not in charge or control of any person and said horse was on said public highway at a place on said highway on the right hand side of plaintiff's center of the road."

The plaintiff claims that no allegation of negligence is necessary and that liability may be based upon the facts alleged. The defendant's position is that specific acts of negligence must be alleged in the complaint.

The court does not entirely agree with either view. A general allegation of negligence may be sufficient (*Peterson* v. *Eighmie*, 175 App. Div. 113), but nevertheless there must be some charge of negligence, either general or specific.

There is no common-law liability for injuries received from animals straying in the highway, unless under the circumstances the owner should reasonably anticipate that injury might result from the animal's being at large. (2 Am. Jur., Animals, § 60.) Under modern conditions, injury to motor vehicles and their occupants is reasonably to be anticipated, whenever domestic animals are permitted to stray upon a public highway. But liability is not imposed unless the conduct of the owner has contributed to the injury.

The only statutory provisions relating to strays on the public highways are found in article 16 of the Justice Court Act (L. 1920, ch. 937) and article 18 of the Town Law. The sections of the Justice Court Act relate to the recovery of penalties for animals running at large, but apply only to a person who " suffers or permits " animals to run at large, etc. The provisions of the Town Law are applicable only when a party neglects to make or maintain a division fence and thereby animals cause damage by going upon adjoining lands. There are no allega-

tions in the complaint which bring this case within the application of the statutory provisions.

In the absence of such allegations, the action must be based upon negligence, and, therefore, some allegation of negligence is necessary.

The motion to dismiss the complaint is granted, with $10 costs to the defendant, pending the result of the action, and an order to that effect may be entered by the defendant, with leave to the plaintiff to serve an amended complaint within twenty days after service of such order.