CHARLES E. ALLEN, Plaintiff, *v.* HAROLD J. STEWART, Defendant.

Supreme Court, Trial Term, Onondaga County, July 11, 1947.

*D. Charles O'Brien* and *Francis Preston* for plaintiff.

*Milton Rabou* and *Alfred L. Harrison* for defendant.

SEARL, J. The action is in negligence to recover for the value of two horses, killed as the result of being struck by defendant's truck and trailer. Defendant counterclaimed. A jury has awarded a judgment of $750 on the counterclaim, damages to defendant's equipment, based on negligence of plaintiff in permitting his horses to be unattended upon the highway. Decision on a motion to dismiss the counterclaim was reserved. Plaintiff also moves for a new trial (Civ. Prac. Act, § 549).

Briefly, the facts indicate that plaintiff owned a stock farm and barns located on the northerly side of a twenty-foot macadam highway extending westerly from the village of Baldwinsville toward Rochester, New York. Defendant was driving his tractor-trailer westerly before dawn on October 7, 1939. The pavement was dry but the night foggy. Defendant's testimony revealed that he first discovered the horses 10 feet north of the edge of the highway and 40 feet ahead of his tractor, that he applied his brakes but struck the horses in spite of his efforts.

The question now at issue is whether the motion for a nonsuit and dismissal of defendant's counterclaim, reserved at the conclusion of the evidence, should be granted. Defendant urges that the memorandum opinion in *Snyder* v. *Rogers* (190 App. Div. 968) holding that the presence of a colt unattended in the highway, is sufficient authority for submission of the instant case to the jury. Had the only evidence in the case been to effect that plaintiff owned the horses, and that they were unattended, defendant would then have been entitled to have the issue of plaintiff's negligence presented on the authority of the cited case. However, the proof in plaintiff's case established that he had placed these two saddle horses in an enclosure the previous day. This enclosure consisted of posts connected with three

planks, the top of which was 4½ to 5 feet in height. The fence had been built of new lumber the previous year and painted. The next morning a clean break was found in one of the top planks. The horses were not jumpers and during the year before had never been loose upon the highway. The enclosure was 300 to 500 yards from the edge of the highway where the accident occurred. In fact, no evidence was given from which any inference of carelessness could be drawn.

The cited memorandum opinion (*Snyder* v. *Rogers, supra*) cites *Doherty* v. *Sweetser* (82 Hun 556) and *Moynahan* v. *Wheeler* (117 N. Y. 285 [1889]). The *Doherty* case (*supra*, p. 558) holds that the presence of a horse unattended in the highway calls for an explanation by the owner "as to how he got there." The *Moynahan* case (*supra*) is a bit unusual in that it relates to the acts of an unruly cow on a highway of the city of Brooklyn. The original complaint alleged that the owners carelessly permitted the animal "to run at large and unrestrained upon a public highway * * *." As the evidence disclosed that the custodian of the cow lost control of the animal, as she was attacked by dogs, an amendment of the complaint was asked to allege that defendants had noticed that the cow was unruly. "In the absence of that proof," said the court (p. 288), "the defendants cannot be held liable." The gist of the entire argument in the instant case crystallizes in the wording of the *Moynahan* opinion (*supra*, p. 288): "* * * the owner must be shown to have had notice of their viciousness before he can be charged, or that he failed to use in their management the reasonable care which a man of ordinary prudence might be expected to exercise under like circumstances."

Erection and maintenance of fences as between abutting owners is covered by Town Law (art. 18). There is no statutory requirement as to erection of fences along highways. However, when a horse runs away, even without proof of viciousness, the owner may be held liable if negligence of the owner is shown (5 Warren's Negligence, § 289, par. 5, p. 29). The theory of recovery, excluding viciousness, rests upon the animal's *being left unattended*.

The prerequisite of negligence is included in the title on the subject in American Law Institute (2 Restatement, Torts, § 438); "*Harm Resulting to or Caused by Animals Negligently Deprived of Custody*. If the actor's negligent conduct deprives animals of the control which is necessary to prevent them from harming themselves or the persons, lands or chattels of others, the actor is liable for any harm which the absence of such control is a substantial factor in bringing about."

In the instant case the plaintiff proved facts explaining absence of control, without evidence of any neglect on the part of the owner. Defendant's testimony added nothing in that respect. Defendant made out a prima facie case on the counterclaim, but at the conclusion of all the evidence the presumption was entirely obliterated by direct evidence.

The jury has disposed of plaintiff's case by a finding for the defendant on the counterclaim. The court must likewise dispose of defendant's counterclaim by granting plaintiff's motion for a nonsuit and dismissal of the counterclaim on motion made by plaintiff at the conclusion of all the evidence, the court having reserved decision thereon.

The application for a new trial of the issues in plaintiff's claim must be denied. That was a jury question and the jury has resolved it in favor of the defendant.

Order and judgment accordingly.