Lawrence Newmark, J.
Plaintiff sued defendant for damages to his vehicle caused by a collision with a lone horse, running unattended on Route 107, Cedar Swamp Road, Nassau County. The horse suddenly crossed from plaintiff’s right to left in front of the car and although plaintiff immediately applied his brakes he could not avoid the collision. The horse was killed. Defendant was a riding stable proprietor, and he *768 testified that the horse had escaped from riders and was apparently running back to its stable in Muttontown.
A prima facie case of negligence can be made against the owner of a loose animal wandering unattended on a road, which causes damages to a plaintiffs vehicle or person. That presumption is rebuttable upon proof that the animal’s presence on the highway was not caused by the owner’s negligence. (Snyder v Rogers, 190 App Div 968; Allen v Stewart, 190 Misc 223.)
The animal owner’s duty of care in this case is to control and manage the animal with a standard of reasonable care which a man of ordinary prudence might be expected to exercise under like circumstances. (Moynahan v Wheeler, 117 NY 285.) However, liability for damages caused by stray horses cannot be imposed unless the conduct in some way contributes to the injury. (Carpenter v Biedekapp, 186 Misc 5.)
Although there appear to be no cases directly on point in this State, courts in other States have held that where the animal had been under the control of, or on loan to a third party, the owner of the animal cannot be held liable for damages caused by it when it escaped from the third party on the theory that the owner had no way of foreseeing or preventing the accident. In one case the borrower of a horse was held responsible for injuries caused by it to a passenger in a car because the evidence showed that the horse was under the exclusive care and possession of the borrower at the time. (Serr v Biwabik Concrete Aggregate Co., 202 Minn 165.) And where a party had rented a bull, the court held him liable for injuries incurred by a motorist who collided with the bull. (Corey v Smith, 233 Ind 452.)
The present case involves a bailment of a horse; the bailor is the defendant, and the bailee was the rider from whom the horse escaped. This case closely parallels the Illinois case of Farrell v Crawford (222 Ill App 499), although here plaintiff sued only the owner, and not the rider. In Farrell, both bailor and bailee were sued by the driver of a horse and buggy for injuries resulting from a collision with a loose bull. The trial court gave the jury a peremptory instruction in favor of the owner, and he was found not guilty.
In this case the evidence shows that the defendant was not in control of the horse at the time of the accident, and that the horse had escaped from the rider. There was no evidence that defendant had reason to suspect the horse would escape *769 or that knowing it was loose he failed to make an effort to recapture it. Accordingly, the court is unable to conclude that the defendant is guilty of negligence.
The complaint is dismissed. Judgment for defendant.