■ HUBERT A. LOEFFLER et al., Respondents, v NILE G. ROGERS et al., Appellants. (And a Third-Party Action.)—Harvey, J. Appeal from an order of the Supreme Court (Ford, J.), entered May 6, 1987 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Hubert A. Loeffler was injured when the automobile in which he was a passenger collided with two horses on Route 29 in the Town of Milton, Saratoga County. The horses belonged to defendants, who owned a nearby farm. Loeffler and his wife subsequently brought this action for damages alleging causes of action based upon strict liability and negligence. Following discovery, defendants moved for summary judgment. The motion was denied and this appeal ensued.

Turning first to the negligence cause of action, plaintiffs contend that the unattended presence of the horses on the highway gives rise to an inference of negligence and, thus, that Supreme Court correctly denied summary judgment as to that cause of action. We agree. An inference of negligence arises under the doctrine of res ipsa loquitur when the plaintiff establishes that the event does not ordinarily occur in the absence of negligence and that the agency or instrumentality causing the injury is within the exclusive control of the defendant (see, e.g., Abbott v Page Airways, 23 NY2d 502, 510; Richardson, Evidence § 93, at 68 [Prince 10th ed]). Here, defendants were in exclusive control of the horses and the fences surrounding the pasture where they were kept. Further, horses do not generally wander unattended on public streets in the absence of negligence (see, Furlong v Winne & McKain Co., 166 App Div 882; Jones v Chalaire, 85 Misc 2d 767). The facts underlying the occurrence of this incident, although not compelling a finding of negligence, give rise to an inference of negligence and, thus, create a question of fact for the jury (see, Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226; De Simone v Lutheran Med. Center, 34 AD2d 660). Although the inference created by res ipsa loquitur does not mandate that defendants come forward with rebuttal proof (see, Davis v Goldsmith, 19 AD2d 514), defendants have "the burden of explanation" (Galbraith v Busch, 267 NY 230, 234) and should present evidence for the jury to weigh, against the inference of negligence, which tends to show that the presence of their horses on the highway was not the result of negligence (see, Restatement [Second] of Torts § 518 [b] [1977]).

Next, we consider whether defendants should have been

granted summary judgment as to the strict liability cause of action. In order to sustain an action for strict liability against the owner of a domestic animal, there must be evidence that the animal had a vicious propensity and that the owner had knowledge of or reason to know of that propensity (*see, Russell v Lepre*, 99 AD2d 489; *Buchholz v Shapiro*, 48 AD2d 694; *see also, Arbegast v Board of Educ.*, 65 NY2d 161, 164). There is no evidence in the record indicating any vicious propensity on the part of the horses of which defendants should have had or actually had knowledge. Hence, summary judgment should have been granted as to the cause of action based upon the theory of strict liability.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment as to the cause of action based upon the theory of strict liability; defendants granted partial summary judgment dismissing said cause of action; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.