█ MICHAEL YOUNG, Individually and as Parent and Natural Guardian of JEFFREY M. YOUNG, an Infant, Plaintiff, v HEATHER M. WYMAN et al., Respondents, and NICHOLAS BELLINI, Appellant. (And Another Related Action.)—Kane, J. Appeal from that part of an order of the Supreme Court (Plumadore, J.), entered May 16, 1989 in Saratoga County, which denied defendant Nicholas Bellini's motion for summary judgment dismissing the claims based on negligence.

---

Plaintiffs, Michael Young and Dale A. Young, have commenced separate suits against defendant Nicholas Bellini for damages occurring when their son Jeffrey M. Young was struck on his bicycle by an automobile driven by defendant Heather M. Wyman and owned by defendant Priscilla L. Wyman. The suits alleged, *inter alia,* negligence on Bellini's part in allowing his 14-year-old daughter's dog Caesar to run unattended into the street, causing the Wyman vehicle to swerve and strike Jeffrey. Bellini moved for summary judgment against plaintiff and for dismissal of a cross claim apparently brought by the Wymans. Supreme Court granted the motion as to those portions of the complaints based on Bellini's alleged violations of the local leash law and strict liability, but denied the motion insofar as it sought to dismiss the claims based on common-law negligence. Bellini now appeals.

The order should be modified and summary judgment granted to Bellini dismissing all claims against him. Supreme Court found no issues of fact and was, therefore, "inclined to [fully] grant [Bellini's] motion". However, relying on *Jones v Chalaire* (85 Misc 2d 767), the court concluded that "negligence is presumptively established by the presence of an unrestrained domestic animal on a highway", a presumption properly rebutted at trial rather than on a motion for summary judgment. We disagree. The presumption relied upon by Supreme Court is based on a historical common-law premise that certain domestic animals, by their nature, require constant attention or restraint. "Certain kinds of animals involve an obvious danger * * *; everyone knows the propensity of cattle and horses to escape and roam and do mischief" (Prosser and Keeton, Torts § 76, at 538 [5th ed]). These animals are not, therefore, ordinarily left to roam unkept and we can infer from their unattended or unrestrained presence a measure of neglect on the part of the owner *(see, Loeffler v Rogers,* 136 AD2d 824; *see also, Unger v Forty-second St. & Grand St. Ferry R. R. Co.,* 51 NY 497, 500; *Setzkorn v City of Buffalo,* 219 App Div 416, *affd* 246 NY 605; *Furlong v Winne & McKain Co.,* 166 App Div 882, *appeal dismissed* 222 NY 643; *Jones v Chalaire, supra).* Conversely, domestic favorites such as the family dog or cat, as emblematic of a suburban community as a cow or horse is to the standard farm, are, as a norm, frequently allowed to romp unguarded or unattended. As a general proposition "[a] dog, unless vicious, has a right in the highway, and presumably, absent evidence of negligence, the dog's owner cannot be charged with liability for injury caused

[merely] by its presence therein" (3 NY Jur 2d, Animals, § 48, at 625-626).

The result here is that some proof, or issue of fact, must exist beyond a mere showing that Bellini's dog was in the road at the time of the accident. We recognize that negligence is most often a question of fact for the jury and that summary judgment is a drastic remedy. However, in opposing Bellini's motion for summary judgment, the parties have failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which [they rest their] claim" *(Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, Bellini is entitled to summary judgment.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant Nicholas Bellini's motion for summary judgment dismissing the claims based on negligence; said motion granted; and, as so modified, affirmed. Kane, Weiss and Harvey, JJ., concur.

Mahoney, P. J., and Mercure, J., dissent and vote to affirm in a memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We respectfully dissent. It has been long settled that a presumption of negligence results from the presence of an unrestrained domestic animal on a highway *(see, e.g., Furlong v Winne & McKain Co.,* 166 App Div 882, *appeal dismissed* 222 NY 643; *Jones v Chalaire,* 85 Misc 2d 767, 768). We see no sound reason to treat different domestic animals with different rules generally. Bellini's affidavit and examination before trial substantiate that the dog had not previously run loose, but offer no clear explanation as to how the dog got loose, merely conjecture and surmise. Moreover, the record does not show that the dog's recapture was done carefully, for Bellini testified that the recapture attempt was "[g]eneral confusion" with a crowd of youngsters "calling [the dog] which just added to the chaos of the dog". This court recently held that "horses do not generally wander unattended on public streets in the absence of negligence" *(Loeffler v Rogers,* 136 AD2d 824), and the same is equally applicable to domestic animals generally and dogs specifically. This rule of law, coupled with Bellini's own insufficient evidence of due care, gives rise, in our view, to at least an inference of negligence which a jury must finally determine *(see, supra).* Therefore, we respectfully dissent and would affirm Supreme Court's order denying Bellini's motion.