■ NOEL OSBORNE, Appellant, v EVERETT SCHOENBORN, Individually and Doing Business as SCHOENBORN BROTHERS FARM, INC., Respondent. (And Two Other Related Actions.) [628 NYS2d 886] —Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered May 27, 1994 in Albany County, upon a verdict rendered in favor of defendants.

Defendant Everett Schoenborn is president and sole shareholder of defendant Schoenborn Brothers Farms Inc. (hereinafter the farm), a 300-acre thoroughbred horse breeding farm located in Greene County. The farm acreage contained several fenced-in areas, i.e., paddocks, one of which housed nine weanling* horses, which on the night of October 30, 1987 escaped from their paddock. They ran loose onto State Route 81 where some collided with a motor vehicle and, later, others collided with another motor vehicle. Eight of the nine weanling thoroughbreds were killed due to the impacts. Both drivers and their passengers, plaintiffs herein, sustained personal injuries and damages leading to the commencement of these personal injury actions to recover damages against the individual and corporate defendants. The three actions were joined for trial but not consolidated.

At trial, the jury heard testimony from plaintiffs' two physicians and from two police officers concerning their knowledge of the accidents and resulting injuries. Schoenborn, two employees of the farm and Joseph McMahon, the owner of a similar farm in Saratoga County, testified on behalf of the defense. Schoenborn told of finding the damaged gate apparently forcefully torn at its top hinge from the gate post. He also said he observed reasonably fresh deer tracks in and around the paddock and deer hair on the gate and on the wire fence surrounding the paddock. The iron tubing gate, however, was partially open but still locked and attached to the fence post. There was also testimony that the fencing and gate were state of the art in the industry and of high quality.

Plaintiffs respectively moved for a directed verdict in their favor at the close of all the evidence, which Supreme Court denied. The court included, over objection, plaintiffs' request to

---

* A weanling is a young horse recently separated from its mother.

charge on res ipsa loquitur in its instructions to the jury. The jury found unanimously in favor of defendants. Plaintiffs' motion to set aside the verdict was denied.

On appeal, there is in essence but one question presented: whether there was sufficient credible evidence from which the jury could properly infer that something other than negligence caused the escape of the weanling horses or that the inference of negligence (arising from res ipsa loquitur) was rebutted by such evidence (*see, De Witt Props. v City of New York*, 44 NY2d 417, 425; *Abbott v Page Airways*, 23 NY2d 502, 509; *see also, Loeffler v Rogers*, 136 AD2d 824). A review of the record indicates that the answer must be in the affirmative.

Schoenborn testified to facts indicating the presence of a deer in the paddock area, which the jury could find from all the evidence caused the nine weanling horses to bolt herd-like into and through the paddock gate and eventually onto Route 81. There was evidence from which the jury could conclude that the animals forced the gate open. A jury could find from the testimony that the paddock gate and the fencing were of high quality and conclude that defendants were not negligent as to the manner of restraining the animals. The jury could also conclude from the record that something other than the negligence of defendants caused the nine horses to escape. Supreme Court therefore did not err in denying plaintiffs' motion to set aside the jury verdict as against the weight of the evidence (*see*, CPLR 4404 [a]). The jury's conclusion could rationally be reached on the evidence presented (*see, Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, *lv denied* 68 NY2d 608; *Brandon v Karp*, 112 AD2d 490). Whether to set aside a verdict is within the sound discretion of the trial court and the court's decision should not be disturbed absent a showing of an abuse of that discretion (*see, Carpenter v Albee*, 192 AD2d 1004; *DeAngelis v Kirschner*, 171 AD2d 593, 594). We find no abuse of discretion here.

Plaintiff Noel Osborne argues that Supreme Court improperly allowed McMahon to testify as to the fencing material used on the farm. However, as Osborne failed to object to McMahon's testimony until after he had described the industry standard (although plaintiff Michael W. Martin's counsel had objected earlier to this line of questioning, he does not pursue the issue on appeal), the issue was not preserved by Osborne for review on appeal. Moreover, plaintiffs did not challenge McMahon's credentials to testify as an expert in this area and, thus, this point has not been preserved for appeal and is not properly before this Court (*see, Seneca Dress Co. v Bea-Jay Mfg.*

*Corp.*, 156 AD2d 894, 895; *Meyers v Fifth Ave. Bldg. Assocs.*, 90 AD2d 824, 825).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.