■ JULIANNE SOREL, Appellant v JOSEPH IACOBUCCI et al., Respondents. [633 NYS2d 688] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Teresi, J.), entered July 12, 1994 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff commenced this action to recover damages for injuries she sustained when she was allegedly attacked by a German Shepherd dog formerly owned by defendants. A jury specifically found that the dog did not have vicious propensities and that defendants were not negligent in the manner in which they kept or controlled the dog. Plaintiff's motion to set aside the verdict as against the weight of the evidence was denied and this appeal ensued.

The trial testimony and evidence reveal the following. On September 3, 1988 at approximately 12:30 P.M., plaintiff, a United States postal carrier, had placed defendants' mail in their mailbox and was walking away from the premises when defendants' dog pushed against and opened the front screen door and ran out in plaintiff's direction. The screen door was equipped with a pneumatic device for automatically pulling the door closed as well as a lock. According to plaintiff, when she heard the dog and saw him approaching her, she began slowly walking backwards to get off the property without further provoking him. The dog, however, lunged at her, knocking them both to the cement driveway and injuring plaintiff's tailbone and head. In contrast, defendant Audrey Iacobucci testified that she saw the dog run or brush past plaintiff, with little or no contact, and that plaintiff tripped as she was walking backwards. Both plaintiff and Iacobucci testified that the dog then went back into the house.

Plaintiff contends that Supreme Court erred in denying her motion to set aside the verdict, as the only fair interpretation of the evidence leads to the conclusion that defendants knew that the dog possessed vicious tendencies and, further, that under the theory of res ipsa loquitur, defendants are liable in negligence as well. We disagree and accordingly affirm.

Turning first to the issue of the dog's vicious propensities, it is well established that one who keeps an animal with knowledge of such propensities is strictly liable for any injuries the animal may cause (see, Arbegast v Board of Educ., 65 NY2d

161; *Smith v Sapienza*, 115 AD2d 723). The fact that the owner may not have been negligent in the manner in which the animal was kept or controlled is irrelevent (*see, Lynch v Nacewicz*, 126 AD2d 708; *Brophy v Columbia County Agric. Socy.*, 116 AD2d 873). Here, testimony at trial showed that the dog was known to bark and sometimes lunge at defendants' fence or front door in response to the presence of strangers. Although this evidence was sufficient to raise a question of fact as to the dog's known propensities so as to necessitate a trial (*see, Amado v Estrich*, 182 AD2d 1109; *Mitura v Roy*, 174 AD2d 1020), in our view "defendants produced sufficient evidence to permit the jury to conclude that the dog was not vicious, and * * * we defer to the jury's assessment of the witnesses' credibility" (*Hayden v Sieni*, 196 AD2d 573, 574, *appeal dismissed* 82 NY2d 835). It cannot be said that the jury's conclusion could not have been rationally reached on the evidence presented (*see,* CPLR 4404 [a]; *Osborne v Schoenborn*, 216 AD2d 810).

Although the dog admittedly exhibited protective tendencies, there was no evidence contradicting Iacobucci's testimony that the dog had never been known to attack, bite or harm people with whom he came into contact (*see, Fox v Martin*, 174 AD2d 875; *cf., Moriano v Schmidt*, 133 AD2d 72). There was also no evidence that the dog had ever previously escaped to put defendants on notice that this event could occur (*see, Nilsen v Johnson*, 191 AD2d 930; *Wittenberg v Gabriellini*, 158 AD2d 302). The only direct evidence of any vicious propensities was plaintiff's speculative testimony that, based on the dog's habit of always jumping on the fence and his pacing behind the fence whenever she delivered the mail that she "thought he was a very vicious dog" and that he "looked pretty vicious". The evidence before the jury was, therefore, sufficient to permit the inference that the dog was not vicious or even if he was that defendants had no reason to know of his dangerousness prior to the incident (*see, DeVaul v Carvigo, Inc.*, 138 AD2d 669, *appeal dismissed* 72 NY2d 914, *lv denied* 72 NY2d 806).

As far as the question of taking judicial notice of whether German Shepherd dogs are as a breed vicious, we note, initially, that plaintiff raised no objections to Supreme Court's charge to the jury which did not include such an instruction (*see, Schiaroli v Village of Ellenville*, 111 AD2d 947; *Harris v Armstrong*, 97 AD2d 947, *affd* 64 NY2d 700). In any event, although this Court has indicated that some degree of viciousness could be implied in the case of a German Shepherd (*see, e.g., Wilson v Bruce*, 198 AD2d 664, *lv denied* 83 NY2d 752; *Plue v Lent*, 146 AD2d 968), there is no authority for the prop-

osition that judicial notice must in fact be taken (*see, DeVaul v Carvigo, Inc., supra*; *see also, Strunk v Zoltanski*, 62 NY2d 572).

As far as whether defendants were negligent, plaintiff relied on the theory of res ipsa loquitur, arguing that defendants were negligent in the manner they kept or controlled the dog. Under that doctrine, the trier of fact may infer negligence from the mere happening of the incident where a defendant is in exclusive control of the instrumentality which caused the incident (*see, Loeffler v Rogers*, 136 AD2d 824). If, however, there was sufficient credible evidence from which the jury could properly infer that something other than the defendant's negligence caused the incident, then the inference of negligence is rebutted (*see, Osborne v Schoenborn, supra*).

Here, trial testimony revealed that plaintiff delivered the mail to defendants at the same time every day and that defendants were aware of that fact. Further, there was evidence that the screen door did not always latch by itself under the pneumatic device, that defendants had to sometimes manually latch it and defendants were aware that the dog would jump up against the door in response to visitors. Plaintiff claims that the only possible conclusion is that the door and dog were within defendants' exclusive control, that they were negligent in not checking the door and it was that negligence that led to the dog's escape. In our view, however, there was evidence from which the jury could conclude that the dog forced the door open. There was no proof that the door was in fact left unlatched or that the dog had a propensity to force his way out. A jury could find that defendants were not negligent as to the manner in which the dog was restrained and that something other than defendants' negligence caused the dog to escape (*see, Osborne v Schoenborn, supra*; *see also, Nilsen v Johnson*, 191 AD2d 930, *supra*). While the facts underlying the occurrence may have given rise to an inference of negligence, they did not compel such a finding and there was sufficient evidence for the jury to weigh against the inference of negligence (*see, Loeffler v Rogers, supra*).

It is noted that whether to set aside a jury verdict is within the sound discretion of the trial court. That decision will not be disturbed absent a showing of abuse of that discretion, which is not present herein (*see, Osborne v Schoenborn, supra*). Plaintiff's remaining contentions have been examined and rejected as unpersuasive.

Mercure, Crew III, White and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.