■ THOMAS ALLIS et al., Appellants, v JOHN TURNER, Respondent. [688 NYS2d 864] —Judgment reversed on the law without costs and new trial granted. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Thomas Allis (plaintiff) while attempting to restrain defendant's horse, which had escaped from a fenced pasture and was unattended on the road. Plaintiffs appeal from a judgment dismissing the complaint based upon a special verdict finding that defendant was not negligent. Supreme Court's denial of plaintiffs' request for a res ipsa loquitur instruction was reversible error. "[H]orses do not generally wander unattended on public streets in the absence of negligence" (*Loeffler v Rogers*, 136 AD2d 824; *see, Johnson v Waugh*, 244 AD2d 594, 596, *lv denied* 91 NY2d 810; *Osborne v Schoenborn*, 216 AD2d 810, 811; *see also, Young v Wyman*, 159 AD2d 792, 793, *affd* 76 NY2d 1009). Plaintiffs established that defendant was in exclusive control of the horse and the pasture and that plaintiff played no role in the horse's escape (*see, Kambat v St. Francis Hosp.*, 89 NY2d 489, 494). The instruction would have permitted the jury, after rejecting evidence of specific negligence, to infer negligence from the presence of the unrestrained horse on the road (*see, Abbott v Page Airways*, 23 NY2d 502, 513).

All concur, Hurlbutt, J., not participating. (Appeal from Judgment of Supreme Court, Oswego County, Elliott, J.— Negligence.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.