■ MELODY EMLAW, Respondent-Appellant, v CAROL CLARK, Appellant-Respondent. [809 NYS2d 352]—

Appeal and cross appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 11, 2005 in a personal injury action. The order denied plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint and for summary judgment on the counterclaim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was operating collided with defendant's horse, and defendant asserted a counterclaim for damages for the value of her horse, which was killed as a result of the collision. Plaintiff contends on her cross appeal that Supreme Court erred in denying her motion for partial summary judgment on liability, and defendant contends on her appeal that the court erred in denying her cross motion for summary judgment dismissing the complaint and for summary judgment on her counterclaim. We affirm.

We note at the outset that plaintiff has failed to establish her entitlement to judgment based on the doctrine of res ipsa loquitur. Plaintiff contended that "horses do not generally wander unattended on public streets in the absence of negligence," that the maintenance and keeping of the horse was under defendant's exclusive control, and that there is no evidence that plaintiff caused or contributed to the injury (*Loeffler v Rogers*, 136 AD2d 824, 824 [1988]; *see Allis v Turner*, 259 AD2d 995 [1999]). Partial summary judgment on liability based on the doctrine of res ipsa loquitur is appropriate only where "the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable and unrebutted" (*Salter v Deaconess Family Medicine Ctr.* [appeal No. 2], 267 AD2d 976, 977 [1999]). Here, defendant rebutted the inference of negligence by submitting evidence in opposition to the motion and in support of the cross motion establishing that she had checked the integrity of the horse fencing prior to the accident and that something outside of her control may have caused the horse to break through the fencing. In addition, defendant contended that the accident was caused by the negligent

manner in which plaintiff drove her vehicle. We further conclude on the record before us that there are issues of fact with respect to the liability of both plaintiff and defendant under a theory of ordinary negligence, precluding summary judgment in favor of either party (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.