# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1303**
**CA 16-01142**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

SONYA J. O'HARA, PLAINTIFF-APPELLANT,

V                                                                   MEMORANDUM AND ORDER

HOLIDAY FARM, DONALD SCHWARTZ, MARCIA SCHWARTZ
AND CHRISTINA PIEMONTE, DEFENDANTS-RESPONDENTS.

---

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

BARCLAY DAMON, LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR
DEFENDANT-RESPONDENT CHRISTINA PIEMONTE.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered March 4, 2016. The order, among other things, granted the motion of defendant Christina Piemonte for summary judgment dismissing the amended complaint against her.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle collided with a horse owned by Christina Piemonte (defendant). The horse had escaped from a stall at defendant Holiday Farm, which was owned and operated by defendants Donald Schwartz and Marcia Schwartz. Plaintiff, as limited by her brief, appeals from an order that, inter alia, granted defendant's motion for summary judgment dismissing the amended complaint against her. As a preliminary matter, we note Supreme Court's failure to set forth its reasons for granting defendant's motion (*see generally McMillian v Burden*, 136 AD3d 1342, 1343).

Contrary to plaintiff's contention, the court properly granted that part of defendant's motion for summary judgment dismissing the amended complaint against her insofar as it alleges common-law negligence. A horse is classified as a "[d]omestic animal" in Agriculture and Markets Law § 108 (7), and it is well established that "a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal—i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7)—is negligently allowed to stray from the property on which the animal is kept" (*Hastings v Suave*, 21 NY3d 122, 125-126). Nevertheless, defendant established as a matter of law that " 'the animal's presence on the [road] was not caused by [her] negligence' " (*Johnson v Waugh*,

244 AD2d 594, 596, *lv denied* 91 NY2d 810), inasmuch as Holiday Farm was solely responsible for keeping the horse confined in a stall or other enclosure at the facility at all times, and defendant last visited the horse at Holiday Farm four days prior to the incident. Although "[a]n inference of negligence arises under the doctrine of res ipsa loquitur when the plaintiff establishes that the event does not ordinarily occur in the absence of negligence and that the agency or instrumentality causing the injury is within the exclusive control of the defendant" (*Loeffler v Rogers*, 136 AD2d 824, 824; *see Emlaw v Clark*, 26 AD3d 790, 791), the record establishes that defendant was not in exclusive control of the horse or the barn and stalls where the horse was kept. Plaintiff's contention that defendant is vicariously liable for the negligence of a horse trainer who was at Holiday Farm the day before the incident is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Contrary to plaintiff's further contention, the court properly granted that part of defendant's motion for summary judgment dismissing the amended complaint against her insofar as it alleges strict liability (*see generally Vichot v Day*, 80 AD3d 851, 852). Defendant met her initial burden by "establishing that [she] did not know of any vicious propensities on the part of [her horse]" (*Doerr v Goldsmith*, 25 NY3d 1114, 1116; *see Tennant v Tabor*, 89 AD3d 1461, 1462), inasmuch as the testimony and sworn statements of defendant and Donald Schwartz established that, prior to the incident, defendant's horse had never escaped from a stall or any other similar enclosure, was never violent, and had never harmed anyone. In opposition, plaintiff failed to demonstrate the existence of a triable issue of fact whether defendant had notice of any harmful or vicious propensities. There is no evidence in the record that the horse's behavior was " 'abnormal to its class' " (*Tennant*, 89 AD3d at 1463), or constituted "atypical equine behavior" (*Bloomer v Shauger*, 94 AD3d 1273, 1275, *affd* 21 NY3d 917). Furthermore, even assuming, arguendo, that the horse had a propensity to kick or destroy his stall, we conclude that such propensity did not result in the injury giving rise to the lawsuit (*see Bloomer*, 94 AD3d at 1275). Here, after the horse's escape, there was no damage to his stall, and plaintiff's own expert concluded that "[w]ithin a reasonable degree of certainty in the stable management field, and seeing as there was no damage to the latch or stall door, it was impossible for [the horse] to escape from the stall and stable without the door being unlatched."

Entered:  February 3, 2017

Frances E. Cafarell
Clerk of the Court