Catalano v Heiden Val. Farms (2018 NY Slip Op 00759)





Catalano v Heiden Val. Farms


2018 NY Slip Op 00759


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1489 CA 17-01103

[*1]KATHERINE A. CATALANO AND ROSS CATALANO, PLAINTIFFS-RESPONDENTS,
v
HEIDEN VALLEY FARMS, RICK AUSTIN AND DEBORAH AUSTIN, DEFENDANTS-APPELLANTS. 






ANTHONY J. VILLANI, P.C., LYONS (DAVID M. FULVIO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE LAW OFFICES OF JOHN TROP, DEWITT (KEVIN M. MATHEWSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT KATHERINE A. CATALANO. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT ROSS CATALANO. 


 Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered September 27, 2016. The order denied defendants' motion for summary judgment dismissing the complaint and granted the motion of plaintiff Katherine A. Catalano for summary judgment on defendants' counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of plaintiff Katherine A. Catalano and reinstating the counterclaim, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when their vehicle collided with a black angus bull owned by defendants. Although defendants had moved the bull just a few hours before the collision to a pasture that was enclosed by an electrical fence, it escaped from the pasture and ran across the roadway where it collided with plaintiffs' vehicle. Supreme Court, inter alia, denied defendants' motion for summary judgment dismissing the complaint, and granted the motion of Katherine A. Catalano (plaintiff), the driver of the vehicle, for summary judgment dismissing defendants' counterclaim for comparative negligence. We now modify the order by denying plaintiff's motion and reinstating the counterclaim.
Contrary to defendants' contention, the court properly determined that the doctrine of res ipsa loquitur raised an inference of their negligence (see O'Hara v Holiday Farm, 147 AD3d 1454, 1455 [4th Dept 2017]). Cattle are classified as "domestic animal[s]" in Agriculture and Markets Law § 108 (7), and it is well established that "a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal—i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7)—is negligently allowed to stray from the property on which the animal is kept" (Hastings v Sauve, 21 NY3d 122, 125-126 [2013]; see O'Hara, 147 AD3d at 1455). Here, "defendants were in exclusive control of the [bull] and the fences surrounding the pasture where [it was] kept" and, because cattle "do not generally wander unattended on public streets in the absence of negligence" (Loeffler v Rogers, 136 AD2d 824, 824 [3d Dept 1988]; see Sargent v Mammoser, 117 AD3d 1533, 1534 [4th Dept 2014]), we conclude that the court properly inferred defendants' negligence as a starting point in determining their motion.
We further conclude that defendants failed to rebut the inference of negligence inasmuch [*2]as they failed to submit proof that "the animal's presence on the [road] was not caused by [their] negligence" (Johnson v Waugh, 244 AD2d 594, 596 [3d Dept 1997] [internal quotation marks omitted], lv denied 91 NY2d 810 [1998]), or "that something outside of [defendants'] control" allowed the bull to escape (Emlaw v Clark, 26 AD3d 790, 791 [4th Dept 2006]). To the contrary, deposition testimony submitted by defendants established that "the escape of [their cattle] was a recurring problem" (Sargent, 117 AD3d at 1534) and, although defendant Rick Austin had inspected the electrical fencing prior to the collision to insure that it was working properly, he testified that the animals could escape through the fence if a gate were left open. Indeed, he further testified that the bulls and the brood herd had mixed together just a few days before the collision when a gate had been left open inadvertently (cf. Emlaw, 26 AD3d at 791). Because defendants did not eliminate all issues of fact with respect to their alleged negligence, the court properly denied their motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with defendants, however, that the court erred in granting plaintiff's motion inasmuch as there is an issue of fact whether plaintiff was also negligent. Plaintiff's burden on her motion was to establish both that defendants were negligent as a matter of law, and that she was free of comparative fault (see Deering v Deering, 134 AD3d 1497, 1498 [4th Dept 2015]). Even assuming, arguendo, that plaintiff met her burden with respect to defendants' alleged negligence, we conclude that she failed to meet her burden with respect to her own alleged comparative negligence. Plaintiff submitted evidence demonstrating that, at the time of the collision, she was lawfully proceeding in the southbound lane of travel on a public roadway when a bull weighing approximately 600 to 700 pounds suddenly ran onto the road and collided with her vehicle. Although plaintiff had the right-of-way in her lane as against other motorists and wandering livestock, it was raining and dark when the accident occurred, and plaintiff's submissions on her motion failed to establish as a matter of law "that there was nothing she could do to avoid the accident" (Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]). Thus, there is an issue of fact whether slower travel would have enabled plaintiff to avoid the collision, and that issue must be determined by a jury (see Yondt v Boulevard Mall Co., 306 AD2d 884, 884 [4th Dept 2003]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court