Thompson v Brown (2018 NY Slip Op 08736)





Thompson v Brown


2018 NY Slip Op 08736


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526660

[*1]MAUDE E. THOMPSON, Appellant- Respondent,
v
DOUGLAS O. BROWN et al., Respondents- Appellants.

Calendar Date: November 14, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


William Mattar, PC, Rochester (Matthew J. Kaiser of counsel), for appellant-respondent.
Kenney Shelton Liptak Nowak LLP, Jamesville (Lauren M. Miller of counsel), for respondents-appellants.



MEMORANDUM AND ORDER
Aarons, J.
Cross appeals from an order of the Supreme Court (Dowd, J.), entered November 14, 2017 in Chenango County, which, among other things, partially granted plaintiff's motion for partial summary judgment.
In 2010, plaintiff was driving her car westbound on Route 23 in Chenango County when she struck a bull that had entered the roadway. Plaintiff subsequently commenced this negligence action against defendants, who owned the bull and operated a nearby farm from where the bull escaped. As relevant here, following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issues of liability and serious injury. In a November 2017 order, Supreme Court, among other things, granted plaintiff's motion to the extent of finding that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) and otherwise denied the motion. Plaintiff appeals and defendants cross-appeal.
Turning first to the issue of defendants' liability, "a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal . . . is negligently allowed to stray from the property on which the animal is kept" (Hastings v Sauve, 21 NY3d 122, 125-126 [2013] [internal citation omitted]). Defendant Douglas O. Brown, the farm owner, testified at his deposition that the cows were tied and secured with a hemp collar. Although Brown was responsible for making sure the cows were secured each evening, Brown did not personally check each stall to see if the cows were secure. Brown was shown a picture of the collar that was used for the subject bull and admitted that it was frayed at the end where the twine broke. Brown agreed that it "look[ed] bad" and that he would replace a collar if it was in such condition. Moreover, the barn doors were kept open during the night prior to the accident to keep the barn cool. Brown testified that if an animal escaped from his property, it would be foreseeable that the animal could make its way to Route 23. Indeed, Brown stated that cows, in [*2]the past, had escaped and went to Route 23. In view of the foregoing, as well as the police accident report, plaintiff demonstrated a prima facie case of liability against defendants (cf. Johnson v Waugh, 244 AD2d 594, 596 [1997], lv denied 91 NY2d 810 [1998]).
Defendants, in opposition, failed to raise an issue of fact (compare Emlaw v Clark, 26 AD3d 790, 791-792 [2006]). To the extent that defendants contend that plaintiff was comparatively negligent, any such negligence, if proven, only diminishes the amount of recoverable damages and does not preclude a finding of liability against defendants (see Rodriguez v City of New York, 31 NY3d 312, 317-319 [2018]). Furthermore, even though plaintiff did not specifically allege res ipsa loquitur, the failure to do so does not preclude its application, where, as here, it is warranted by the facts (see Ladd v Hudson Val. Ambulance Serv., 142 AD2d 17, 19 [1988]). Accordingly, that part of plaintiff's motion seeking summary judgment on the issue of liability should have been granted.
Regarding the issue of whether plaintiff sustained a serious injury, plaintiff, as the party seeking summary judgment, was obligated to tender proof demonstrating, as a matter of law, that she suffered a serious injury and that it was causally related to the accident (see Autiello v Cummins, 66 AD3d 1072, 1073 [2009]). In this regard, plaintiff relies on the fracture category. The only medical evidence that plaintiff submitted in support of her motion was the affirmed report of an orthopedic surgeon who conducted an independent medical examination of plaintiff. Although the orthopedic surgeon concluded that plaintiff suffered a fracture of her left fifth metacarpal as a consequence of the motor vehicle accident, the record is devoid of admissible medical evidence to substantiate this conclusion. The orthopedic surgeon noted in his report that he reviewed various radiographic studies but none of them was of plaintiff's left hand. Furthermore, although the orthopedic surgeon noted in his summary of certain medical records that the radiographs revealed a nondisplaced facture of the left fifth metacarpal, these medical records were not submitted as part of plaintiff's motion (compare Horton v Warden, 32 AD3d 570, 572 [2006]). It is unclear whether the orthopedic surgeon actually reviewed the specific radiographs identified in his summary of the medical records or whether he was reiterating the finding of a fracture by a treating physician and, if so, what the source was of this finding. Based on the foregoing, plaintiff did not meet her moving burden (compare Callaghan v Point at Saranac Lake, Inc., 83 AD3d 1177, 1180 [2011]) and, therefore, that part of her motion seeking summary judgment on the serious injury issue should have been denied regardless of the sufficiency of defendants' opposition thereto.
Devine, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of liability and granted said motion on the issue of serious injury; motion granted and denied to said extent; and, as so modified, affirmed.