Matter of Janiga v Town of W. Seneca Zoning Bd. of Appeals (2019 NY Slip Op 05859)





Matter of Janiga v Town of W. Seneca Zoning Bd. of Appeals


2019 NY Slip Op 05859


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


324 CA 18-01246

[*1]IN THE MATTER OF KEVIN JANIGA, MARSHA JANIGA, JASON WIEPERT, LYNDSAY ROMANCHAUK, JEFF WESLEY AND CHRIS WESLEY, PETITIONERS-APPELLANTS,
v
TOWN OF WEST SENECA ZONING BOARD OF APPEALS, MARRANO/MARC EQUITY, INC., NICK CROGLIO AND VINCENT CROGLIO, RESPONDENTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
JOHN J. FENZ, TOWN ATTORNEY, WEST SENECA, FOR RESPONDENT-RESPONDENT TOWN OF WEST SENECA ZONING BOARD OF APPEALS. 
COLUCCI & GALLAHER, P.C., BUFFALO (MARC S. SMITH OF COUNSEL), FOR RESPONDENT-RESPONDENT MARRANO/MARC EQUITY, INC. 
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (FRANK J. JACOBSON OF COUNSEL), FOR RESPONDENTS-RESPONDENTS NICK CROGLIO AND VINCENT CROGLIO.


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 18, 2017 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the motions of respondents to dismiss the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of respondent Town of West Seneca Zoning Board of Appeals (ZBA), which interpreted the meaning of a required "buffer" area between petitioners' properties and a proposed subdivision adjoining them. Respondents Nick Croglio and Vincent Croglio moved to dismiss the petition against them on the grounds that petitioners failed to timely serve them with the notice of petition and the petition and also failed to join, as a necessary party, LNC Properties, LLC (LNC), which owned the subdivision at the time of the ZBA's determination. The ZBA and respondent Marrano/Marc Equity, Inc. (Marrano) each moved to dismiss the petition against them on the ground that petitioners failed to timely serve them with the notice of petition and the petition. Petitioners cross-moved for, inter alia, an extension of time to serve the ZBA, Marrano, and Nick Croglio and leave to file and serve an amended petition to join LNC as a respondent. Supreme Court denied petitioners' cross motion and granted respondents' respective motions to dismiss the petition, and petitioners appeal. As a preliminary matter, we note the court's failure to set forth its reasons for granting respondents' motions and denying petitioners' cross motion (see generally O'Hara v Holiday Farm, 147 AD3d 1454, 1454 [4th Dept 2017]).
As petitioners correctly concede, the ZBA, Marrano, and Nick Croglio were not timely served pursuant to CPLR 306-b, and we reject petitioners' contention that they demonstrated that the time for service should be extended for good cause shown or in the interest of justice. To establish good cause, " reasonable diligence in attempting service must be shown' " (Hourie v [*2]North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 708 [2d Dept 2017]; see Vanyo v Buffalo Police Benevolent Assn., Inc ., 159 AD3d 1448, 1449 [4th Dept 2018]; Swaggard v Dagonese, 132 AD3d 1395, 1396 [4th Dept 2015]). Here, petitioners failed to show that any attempt to serve the ZBA, Marrano, or Nick Croglio was made during the applicable statutory period (see Valentin v Zaltsman, 39 AD3d 852, 852 [2d Dept 2007]).
" [T]he interest of justice standard . . . [is] a separate, broader and more flexible provision' " (Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011]) that permits the court to take into account "diligence, or lack thereof, along with any other relevant factor . . . , including expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of [the petitioners'] request for the extension of time, and prejudice to [the respondents]" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; see Swaggard, 132 AD3d at 1396). We note that petitioners here did not seek an extension until more than four months after the expiration of the service period and nearly three months after respondents moved to dismiss the petition. In addition, the statute of limitations had expired, and petitioners failed to demonstrate the meritorious nature of their claim. Those factors, considered as a whole, weigh against extending petitioners' time for service in the interest of justice. Thus, we conclude that the court properly denied the cross motion and granted the motions insofar as they sought dismissal of the petition as against the ZBA, Marrano, and Nick Croglio on the ground that they were not timely served.
Furthermore, inasmuch as the CPLR article 78 proceeding no longer includes the "body or officer" having made the determination sought to be annulled, the petition must be dismissed in its entirety (CPLR 7802 [a]; see Matter of Emmett v Town of Edmeston, 3 AD3d 816, 818 [3d Dept 2004], affd 2 NY3d 817 [2004]; Matter of Tecler v Lake George Park Commn., 261 AD2d 690, 691 [3d Dept 1999], lv denied 94 NY2d 751 [1999]; see generally CPLR 7802, 7803).
Finally, the issues whether LNC is a necessary party or united in interest with Nick Croglio are rendered academic by the dismissal of
the petition.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court