■ MELVIN JACOBS et al., Appellants, v HORTON MEMORIAL HOSPITAL et al., Respondents.—In a medical malpractice action, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Orange County (Green, J.), dated January 15, 1986, as granted that branch of

the cross motion of the defendant Horton Memorial Hospital which was to dismiss the third cause of action of the plaintiffs' complaint insofar as it is asserted against it pursuant to CPLR 3211 (a) (7), and, upon reargument, adhered to its determination in an order dated December 4, 1985, which granted the same relief to the defendants Mayefsky, Glendening and Teitelbaum; and (2) from so much of an order of the same court, dated April 8, 1986, as granted that branch of the motion of the defendant Aufses which was to dismiss the third cause of action insofar as it is asserted against him and, upon reargument, adhered to its determination in the order dated January 15, 1986.

Ordered that the appeals by the plaintiff Melvin Jacobs are dismissed, as he was not aggrieved by the orders appealed from (see, CPLR 5511); and it is further,

Ordered that the appeal by Alice Jacobs from the order dated January 15, 1986, is dismissed, as that order was superseded by the order dated April 8, 1986, made upon reargument; and it is further,

Ordered that upon the application of Alice Jacobs, her appeal from the order dated April 8, 1986, insofar as it relates to each of the respondents except Mayefsky is withdrawn; and it is further,

Ordered that the order dated April 8, 1986, is affirmed insofar as appealed from by Alice Jacobs with respect to the respondent Mayefsky; and it is further,

Ordered that the respondent Mayefsky is awarded one bill of costs, payable by the plaintiffs.

The complaint, as amplified by the bills of particulars, alleges that the defendants negligently misdiagnosed the plaintiff Melvin Jacobs as suffering from pancreatic cancer with a prognosis of only six months to live, and that this incorrect diagnosis and prognosis were negligently communicated to Mr. Jacobs' wife, the plaintiff Alice Jacobs, by the defendant Dr. Elliot Mayefsky. The third cause of action, asserted on behalf of Alice Jacobs, individually, seeks recovery of damages for the emotional distress she allegedly suffered upon being informed of her husband's incorrect diagnosis and prognosis.

A doctor or hospital cannot be held liable for the emotional distress suffered by members of a patient's family as a result of malpractice in treating the patient. Recovery is limited to those directly injured by the act of malpractice (see, Landon v New York Hosp., 101 AD2d 489, 491, affd 65 NY2d 639;

*Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277). For example, where the negligence alleged was the failure to properly diagnose an injury or disease suffered by a child, the duty of making and correctly communicating the diagnosis was held to run to the child and not to the parents *(Landon v New York Hosp., supra,* at 495). Sound policy reasons underlie the refusal to extend existing principles of law so as to expand the liability of a negligent actor to include third parties who suffer emotional distress as a result of direct injury to others, the major reason being the difficulty in devising a rational way to limit the scope of liability *(see, Lafferty v Manhasset Med. Center Hosp., supra; Tobin v Grossman,* 24 NY2d 609). This public policy consideration was enunciated in *Landon v New York Hosp. (supra,* at 491), as follows: "In any case of medical malpractice, it is foreseeable that many individuals at various degrees of closeness to the directly injured party will suffer emotional distress. If such foreseeability is held to create or define a duty as a foundation for liability, it may well open our courts to an inundation of claims for emotional injuries extending far afield of the epicenter of the injury, 'like the ripplings of the waters, without end' *(Tobin v Grossman,* 24 NY2d [609] at p 619). Thus far, this problem has been dealt with in this State by limiting recovery for emotional distress to those directly injured as a result of the act of negligence or malpractice, and denying the claims of third parties as mere 'bystanders' *(Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277)."

In this case, where it is claimed that the defendants misdiagnosed the condition of the plaintiff Melvin Jacobs and communicated this incorrect diagnosis of cancer to his wife, our precedents and public policy considerations preclude recovery for her emotional distress. In this regard, the plaintiff Alice Jacobs' reliance on *Johnson v State of New York* (37 NY2d 378), where the defendant was held liable for erroneously informing the claimant of her mother's death, is misplaced. *Johnson v State of New York (supra)* has been limited to its particular facts involving communications with regard to a dead body. In *Johnson v Jamaica Hosp.* (62 NY2d 523), the Court of Appeals commented on the prior *Johnson* ruling as follows: "*[Johnson v State of New York, supra]* presented exceptional circumstances in which courts long ago recognized liability for resultant emotional injuries: A duty to transmit truthfully information concerning *a relative's death or funeral* * * * which the hospital assumed by sending the message * * * and the mishandling of or failure to deliver a dead body

with the consequent denial of access to the family" *(Johnson v Jamaica Hosp., supra,* at 530; emphasis supplied; *see also, Tebbutt v Virostek,* 65 NY2d 931, wherein the court stated that *Johnson v State of New York [supra]* has been limited to its particular facts).

In the case at bar, there was not direct duty between the communicating doctor and Alice Jacobs so as to base a cause of action to recover damages for emotional distress. "To hold otherwise would be to invite the very sort of boundless liability for indirect emotional injury that we have consistently rejected" *(Johnson v Jamaica Hosp., supra,* at 530). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.