OPINION OF THE COURT
Memorandum.
Order reversed without costs, motions for summary judgment granted and complaint dismissed as to defendants Lutheran Medical Center and John J. DeLuca.
The plaintiffs brought this action to recover damages for being mistakenly informed that their 91-year-old relative had died, for not timely informing them that she had revived and for defendant physician, DeLuca, telling them that she would be a “vegetable” if she survived. The patient, upon revival, was apparently not mentally damaged and eventually left the hospital. She survived for several months thereafter.
Both plaintiffs set forth the same allegations , of injuries in their respective bills of particulars. They were the following: “Physical ailments suffered by the Plaintiffs include head, neck, back and abdominal pain, dizziness and shortness of breath. Emotional distress included depression, moodiness, anger and frustration. Trauma included shock at being notified of Martha Nordbo’s demise and shock at being notified she was in fact alive. Plaintiffs still retain anger and resentment for the negligence and insensitivity of the Defendants in not informing them of Martha Nordbo’s true condition. This has resulted in periods of depression, moodiness and anger with associated headaches, back, neck and abdominal pains.” Plaintiff John Nordbo also testified at his deposition that after the incident he developed a tremor in his hand.
In support of their motion for summary judgment, defendants adduced, inter alia, an affidavit from a physician asserting that plaintiff John Nordbo’s Parkinsonian tremors were not produced by the event complained of and that, given the patient’s age and condition and the existence of a “Do not Resuscitate Order,” the declaration of her death was not a violation of proper medical procedures. Moreover, two physicians averred that after the patient had revived, they made a number of unsuccessful attempts to contact the plaintiffs, one of whom was not present at the hospital and the other of whom shortly left the medical area where the patient was located.
*425 The claim against defendant DeLuca may be speedily disposed of. A misdiagnosis, assuming arguendo that such was involved here, breaches a duty owed to the patient and the alleged mental duress caused to plaintiffs by its communication to them is not actionable (Jacobs v Horton Mem. Hosp., 130 AD2d 546). In any event, there was no proof that the misdiagnosis was unreasonably arrived at. Defendant DeLuca was therefore entitled to summary judgment.
The defendant hospital is also entitled to summary judgment, but on a different ground. It is true that in Johnson v State of New York (37 NY2d 378), the Court of Appeals sanctioned recovery for mental distress caused by an erroneous notification of death to one to whom a duty was owed to provide correct information in this regard. However, the Court conditioned recovery upon the existence of evidence “to show [causality] and substantiality of the harm suffered, together with a ‘guarantee of genuineness’” (Johnson v State of New York, supra, at 384). In Johnson, the plaintiff adduced the following evidence (supra, at 380-381): “After this incident, claimant did not work in her employment for more than 11 days. She complained of ‘[Recurrent nightmares, terrifying dreams of death, seeing the coffin * * * difficulty in concentrating, irritability, inability to function at work properly, general tenseness and anxiety.’ Her psychiatrist testified that ‘She appeared to be somewhat depressed, tremulous. She seemed to be under a considerable amount of pressure. She cried easily when relating events that occurred. I though [sic] that she spoke rather rapidly and obviously perspiring.’ Both her psychiatrist and that of the State agreed that, as a result of the incident, claimant suffered ‘excessive anxiety', that is, anxiety neurosis. Her expert, as indicated, testified that she showed objective manifestations of that condition.” Unlike in Johnson, the plaintiffs herein failed to produce any medical proof whatsoever that the incident was the competent producing cause of the injuries complained of and this court is not prepared to hold that an erroneous communication of the death of a patient carries with it a presumption of actionable mental distress. This also applies to the alleged failure of the defendant hospital to timely notify the plaintiffs of the mistake.