Aronin, J. P.,
dissents in part and votes to modify the order in the following memorandum. In my opinion, the order should be modified by granting defendant DeLuca’s motion for summary judgment dismissing the action as against him.
Although the defendants submitted an affidavit from a physi *426 cian who maintained that the defendant hospital acted properly in informing the plaintiffs of the “death” of the patient, there is testimony by two physicians involved with the patient’s care during the incident that neither they nor anyone else pronounced her to be dead.
Given the conflicting testimony as to whether the patient was actually pronounced dead, questions of fact are presented as to whether the defendant hospital was negligent in informing the plaintiffs of the death of their relative, as well as whether it was negligent in failing to let them know of her survival. It is undisputed that the hospital never informed the plaintiffs of their relative’s survival; the funeral director who sought to claim the body the next day was informed, and he, in turn, told the plaintiffs. The hospital and the plaintiffs dispute the facts essential to the determination of whether the hospital’s notification efforts were adequate and appropriate. While the plaintiff Grethe Nordbo asserts that she called a taxi and waited for it in the emergency waiting room for half an hour after being informed of her sister-in-law’s death, Dr. Hagassi asserted that she departed immediately afterward and could not be located. Dr. DeLuca stated that he had tried to phone the patient’s home repeatedly that evening but got no answer, while the plaintiffs allege that they were at home and received no phone call from the doctor.
The existence of these questions of fact bars the grant of summary judgment. It is well settled that while the proponent of a summary judgment motion must make a showing supported by admissible evidence sufficient to warrant the court granting judgment in his favor as a matter of law, the party opposing summary judgment bears the much lighter burden of establishing by admissible evidence that material questions of fact remain unresolved (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851; Prince v DiBenedetto, 189 AD2d 757). The burden of proving their case is not upon the plaintiffs here; as opponents of a motion for summary judgment, they have supported their contention that questions exist by submitting their testimony; determination of whether that testimony or that of the defendants’ witnesses should be credited is not proper on a summary judgment motion (Consolidated Edison Co. v Jet Asphalt Corp., 132 AD2d 296; Computer Strategies v Commodore Bus. Machs., 105 AD2d 167). The decision by the majority here to reverse the finding below improperly shifts the burden upon the plaintiffs from that of showing that factual issues remain unresolved to that of proving their cause of action, *427 a standard more properly imposed upon the movant. Therefore, the motion to dismiss the claims against the hospital was properly denied.
The defendants have also challenged the evidence of emotional injury. In my opinion, the plaintiffs have set forth a prima facie case of negligently induced mental distress (Kennedy v McKesson Co., 58 NY2d 500, 504; Johnson v State of New York, 37 NY2d 378, 382). The Court of Appeals has held: “The consequential funeral expenditures and the serious psychological impact on claimant of a false message informing her of the death of her mother, were all within the ‘orbit of the danger’ and therefore within the ‘orbit of the duty’ for the breach of which a wrongdoer may be held liable” (Johnson v State of New York, supra, at 382-383, citing Palsgraf v Long Is. R. R. Co., 248 NY 339, 343).
Here, the “orbit of the danger” and the accompanying “orbit of the duty” may appropriately be considered to include a brother and the family member (sister-in-law) who accompanied the patient to the hospital and waited for information as to her condition. The plaintiffs have pleaded emotional injury arising from the alleged negligent conduct in falsely informing them of the death of their relative, then failing to tell them of her survival, although it had quickly become clear to hospital personnel that there had been an error. The plaintiffs have submitted sworn testimony and the evidence of their physician to support their claims. It should be noted that recovery for emotional damages does not require a showing of physical injury (Kennedy v McKesson Co., supra, at 504; Johnson v State of New York, supra, at 382). The plaintiffs have, by these submissions, adequately pleaded their damages.
However, I concur that the claim against Dr. DeLuca cannot stand. The doctor incorrectly assured the family that, even were the patient to recover consciousness, she would remain in a vegetative state; the plaintiffs allege that this statement caused them distress. However, the duty which was breached by the doctor’s misdiagnosis was owed to the patient, rather than to her relatives, and cannot form the basis for a claim for their injuries (Jacobs v Horton Mem. Hosp., 130 AD2d 546; Landon v New York Hosp., 101 AD2d 489, 491, affd 65 NY2d 639).
Finally, I find that plaintiff Grethe Nordbo does have standing to sue. Since she was the person to be notified in the event of an emergency, if negligence in the notification of death is established, a duty owed directly to her was breached (Kennedy *428 v McKesson Co., supra, at 504; Johnson v State of New York, supra).
As to sanctions, it is my opinion that they are not warranted on the facts of this case.
Scholnick and Chetta, JJ., concur; Aronin, J. P., dissents in part in a separate memorandum.